| 25 | 37 |
| 116 | 253 |

CITY OF ST. LOUIS, Respondent, v. JACKSON, Appellant.

1. The City of St. Louis has power under its charter (see Rev. Ord. 1856, p. 138, 518,) to provide by ordinance that "no person, not being the lessee of a butcher's stall, shall sell, or offer for sale, in market or in any other place, any fresh meat in less quantities than one quarter."

*Appeal from St. Louis Criminal Court.*

*Wingate,* for appellant.

I. Section 9 of article 5 of the ordinance relating to markets is void. 1st, There was no power vested in the city under its charter to pass such an ordinance. (Amended city charter of March 3, 1851; Taylor v. Griswold, 2 Green, 223; Phillips v. Wickam, 1 Page, 598; 2 Kent, 295.) Said section was in restraint of trade. (Angell & Ames on Corp. § 332–8; Dunham v. Trustees of Rochester, 5 Dow. 462; Freeholders v. Barber, 2 Halst. 64.)

II. The necessity of introducing the charter in evidence is not dispensed with.

*Jecko,* (city attorney,) for respondent.)

RYLAND, Judge, delivered the opinion of the court.

This was a suit for a penalty given by an ordinance of the city for retailing fresh meat in quantity less than a quarter, without being the lessee of a butcher's stall. There was a trial and judgment against defendant in the recorder's court, from which he appealed to the Criminal Court. Judgment was again rendered against the defendant, and he brings the case by appeal to this court.

It appears from the bill of exceptions that on the trial the plaintiff read in evidence section 9 of the 5th article of an ordinance of the city of St. Louis relating to markets, as follows : " No person not being the lessee of a butcher's stall shall sell or offer for sale, in market, or in any other place, any fresh meat in less quantities than one quarter;" also read section 29 of said act, as follows : " Whoever shall violate any of the provisions of this article, or shall fail to obey any legal order of the market-master in relation to any matter placed under his official charge, shall forfeit and pay not less than three nor more than one hundred dollars." The plaintiff also introduced John Newcomb, a witness, who testified that defendant on the 14th day of March, 1856, kept a

meat shop on the corner of Tenth and Wash streets, in said city of St. Louis; that witness was in defendant's shop on that day, and other days previous to that day, and saw defendant and his wife sell fresh meat to different persons by a less quantity than one quarter; and that he had seen defendant's wife and defendant attending in said shop and selling fresh meat to different persons by a less quantity than one quarter, at several times from the 1st to the middle of March. On cross-examination witness stated that he did not see defendant sell any meat on the 14th of March; thought that defendant was not in the shop at the time his wife was selling meat on the said 14th day of March; which was all the evidence introduced on both sides. The jury found the defendant guilty, but were unable to fix the amount of the fine; the court fined him ten dollars, and gave judgment for that sum and costs. The record shows no exception taken to any evidence given on the trial below, and no instructions were asked or given as appears from the record.

The defendant moved in arrest of judgment, stating that, 1st, there was no sufficient cause of action appearing on the face of the complaint filed by the plaintiff herein against the defendant; 2d, there was no power vested in said City of St. Louis or its officers by virtue of any law or charter erecting said city into a corporation, whereby said city as a corporation was permitted, empowered or authorized to ordain, establish or enforce said section 9 of article 5 of ordinance No. 3502, in relation to markets, at the time of its adoption; 3d, that said section (and for a violation of which said complaint is made) is too general in its terms, in restraint of trade, oppressive upon the citizen, contrary to the general principles and policy of the laws of the state of Missouri, and therefore void; and for a new trial, 1st, because the verdict of the jury is contrary to the law and the evidence; 2d, that the verdict of the jury is contrary to the evidence. These motions were both overruled, and the appellant seeks to reverse the judgment below on the ground that the ordinance, the 9th section at least, is void; 1st, because there was no power vested in

said city by any law or charter authorizing the city to ordain or establish the same; 2d, that it is in restraint of trade and contrary to the general principles and policy of the laws of Missouri.

In the second section of the third article of the amended charter of the city, the mayor and city council shall have power within the city, by ordinance, to make many regulations; the 31st subdivision is as follows: " To regulate the inspection of butter, lard, and other provisions; to regulate the vending of meat, poultry and vegetables; to restrain and punish the forestalling of poultry, butter, eggs, and fruit, and to suppress hucksters." By the twelfth section of the same article, " All ordinances of the city may be proven by the seal of the corporation, and when printed and published by authority of the corporation, the same shall be received in evidence in all courts and places without further proof." The act amending the charter is declared to be a public act, and may be read in evidence in all courts of law and equity in this state without proof. There is nothing in the objection, taken here for the first time, that the ordinance was not properly proved or authenticated before it was read to the jury. There was no objection to its being read saved, as we can find, and we will not listen to such an objection here. If the defendant wished to take advantage of the matter, he should have made the proper motion in proper time below, where the party might have it in his power at once to have obviated the objection by showing that such an ordinance was properly passed and was in full force. The amended charter expressly authorizes the city mayor and council to regulate the sale of meat by ordinance. There is nothing then in the objection as regards this point. The city ordinance was properly within the powers granted to the corporation.

And we are unable to see how it operated in restraint of trade. Here the defendant is required to obtain a stall in some market if he wishes to sell fresh meat in less quantity than one quarter. We look upon this regulation as both politic and proper. There is no better way to manage

and control the hucksters and vendors of meats, &c., than by fixing a place for the sale of such commodities. There is not so much danger of unwholesome meats, of impure and unsound meats, being exposed to sale now as there would be if there were no such ordinance. ·The reasoning in the case of Dunham v. Trustees of Rochester, 5 Cow. 465, will not embrace the case of the City v. Jackson. This ordinance is not against any known law of our state, nor does it interfere with the right of selling the commodities of our citizens; it requires that the person retailing fresh meat shall have a stall in some market for that purpose. The city undergoes heavy expense in erecting commodious and convenient market houses; it rents the stalls of those houses to butchers and others retailing fresh meats; the rents are of importance by way of income to the city. Now to permit any one who may think proper to put up a block or shantee on any street or alley, or corner of any street or alley, for the purpose of selling fresh meats in quantity less than a quarter, and thereby withdraw the purchasers from the market houses, is at once giving to such retailers a very great advantage over those who rent the stalls and pay a high price for them.

We consider such an ordinance highly proper; it is calcu lated to keep the market in a healthy condition—not only so, but to preserve the health of the city, but watching carefully the vendors of fresh meats—making such meats to lie open and exposed to the control and supervision of the market-master. Upon the whole record we find no error. Let the judgment therefore be affirmed; the other judges concurring.