THE CITY OF BURLINGTON V. DANKWARDT.

1. **Cities and Towns:** POWER TO PROHIBIT PEDDLING MEAT. Section 456 of the Code, conferring on cities and towns the power to establish and regulate markets, does not confer the power to prohibit by ordinance the peddling of meat on the streets;—not, at least, until the city or town has established a meat-market; and not then, unless it be as a regulation of the market.

*Appeal from Des Moines District Court*—HON. CHARLES H. PHELPS, Judge.

WEDNESDAY, OCTOBER 26.

ACTION upon an information, in which the defendant was accused of the crime of peddling meats in violation of an ordinance of the city. A demurrer to the information was sustained, and the plaintiff appeals.

*John J. Seerley* and *Hedge & Blythe*, for appellant.

*P. Henry Smyth & Son*, for appellee.

ADAMS, CH. J.—Section 456 of the Code provides that "cities shall have power     *     *     *     to establish and regulate markets." Under the statute, presumably, the city council of the city of Burlington passed an ordinance providing that "any person who shall sell or expose for sale in any square, street, alley or sidewalk of the city of Burlington, or in any place in said city except a room or shop properly prepared for such business, any beef, veal, mutton, pork or other article of butcher's meat, in quantities less than one-quarter of the carcass of an animal, shall be guilty of a misdemeanor." The information was filed under this ordinance.

The power given by statute is to establish and regulate markets. The city cannot go beyond the power thus given. Now, an ordinance which is designed merely to prevent peddling meats does not appear to us to be an ordinance

to establish and regulate markets. It seems to be an ordinance designed to favor private butcher shops in the city, if there are any. But it does not establish such shops. It may be that the inhabitants of Burlington have no means of buying meat except from street peddlers. We do not think that the city council can interfere with such occupation until it has established a meat-market; and not then, unless it may be as a regulation of the market. To sustain the plaintiff, we should be obliged to hold that the design of the statute was to give the power to regulate the mode of selling meat in the absence of specific markets, but, in our opinion, we should not be justified in so doing.

In the view which we have taken, the authorities cited by the appellant are not applicable. We think that the demurrer was properly sustained.

AFFIRMED.