THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOSEPH KUC, Appellant.

(Argued October 7, 1936; decided November 24, 1936.)

*Benjamin I. Tunick* for appellant.

*Walter A. Ferris, District Attorney* (*Samuel La Rosa* of counsel), for respondent.

FINCH, J. The defendant, Joseph Kuc, has been convicted of a misdemeanor for offering a newspaper for sale on a public street of the village of Port Chester between the hours of nine P. M. and seven A. M.

The conviction was for the violation of the following ordinance:

" 1. It shall be unlawful for any person, firm or corporation to hawk or sell, or offer for sale, or carry or expose for sale, on any public street or sidewalk, or other public place, or by going from house to house, or place of business to place of business, on foot, or from any animal or vehicle; newspapers or similar publications between the hours of nine o'clock in the evening and seven o'clock in the forenoon.

" 2. Nothing in this ordinance shall be deemed to restrain or prohibit the sale of such newspapers or similar publications, by any newsdealer at his stand, store or place of business, * * *."

The charter of the village of Port Chester delegates to the village the power to *regulate* the sale of goods, wares, merchandise and other property in the streets " or to permit the same, under such restrictions, upon such terms, and at such times and places, and with such penalties as the said trustees shall by ordinance prescribe, * * *," and to *prohibit* the crying, hawking or peddling of any property within the village limits. (Laws 1868, ch. 818, tit. 3, § 1, subd. 2.)

The only question is the constitutionality of this ordinance enacted under the power granted by the charter.

An ordinance enacted by a village pursuant to a delegation of power should be reasonable and its purpose should be to protect the public health, morals, safety, order or general welfare. (*People ex rel. Wineburgh Adv. Co.* v. *Murphy*, 195 N. Y. 126, 131; *People* v. *Ringe*, 197 N. Y. 143, 149.) It must not be discriminatory. General ordinances forbidding unsolicited house to house canvassing or peddling, or limiting peddling or hawking to the market places have been upheld. (*Town of Green River* v. *Fuller Brush Co.*, 65 Fed. Rep. [2d] 112; *Shelton* v. *Mayor of Mobile*, 30 Ala. 540; *Town of St. Martinville* v. *Dugus*, 158 La. 262; *City of St. Louis* v. *Jackson*, 25 Mo. 37;

*State* v. *Perry*, 151 N. C. 661.) This ordinance, however, applies only to the hours between nine P. M. and seven A. M. Regulations of the hours during which specified businesses may be conducted have been declared constitutional. (*Biddles* v. *Enright*, 239 N. Y. 354; *Barbier* v. *Connolly*, 113 U. S. 27.) In these cases the relation between the regulation and the protection of health, safety, morals or the general welfare was patent.

The necessity for the restriction imposed by the ordinance involved herein is not so clear. Reasons understandable enough when all street selling is forbidden cannot be advanced to support a regulation which applies only to newspapers. The sole reason suggested by the village authorities is that the ordinance was intended to prevent interference with the peace, comfort and repose of the inhabitants of the village by the cries of hawkers of newspapers and "extras" during the hours when they might be expected to be asleep. A regulation reasonably designed to accomplish this and non-discriminatory would be valid as a proper exercise of the police power. This ordinance goes too far. It does not stop at forbidding hawking. It also forbids absolutely the sale or offering for sale or the delivery of newspapers on any public street or public place within the limits of the time named. The information upon which this defendant has been convicted seems carefully drawn so as to limit the charge to the sale of a single newspaper on the public street. It is difficult to understand why the charge has been so restricted unless to test the power of the village to prohibit during these hours any sale on a public street not made at a street stand. If this conviction is upheld the ordinance would seem sufficiently broad to bar even the delivery of newspapers until after seven A. M. As noted, it is sought to be justified on the ground that its aim is to eliminate disturbing noises at night. The brief on behalf of the village urges that the ordinance restricts the sale of newspapers by peddling

and hawking in a loud and boisterous manner at night. This it does and against this no valid complaint could be made, but it also goes far beyond this and prohibits sales of newspapers however noiseless. Even this so-called justification would not apply to the delivery of newspapers before seven A. M. No reasonable grounds explain the extreme lengths to which this ordinance goes. Explanation can only be found in a desire to discriminate unconstitutionally in favor of the local newsdealers. (*People* v. *Ringe, supra; People ex rel. Moskowitz* v. *Jenkins*, 202 N. Y. 53; *City of Buffalo* v. *Linsman*, 113 App. Div. 584; McQuillin on The Law of Municipal Corporations [2d ed.], vols. 2, 3, §§ 775, 1001.)

Chief Judge CULLEN said in *People ex rel. Moskowitz* v. *Jenkins* (202 N. Y. 53, 58): "These features of the statute plainly show its purpose, which was not to safeguard customers against fraud, but local shopkeepers from competition. * * * Judge PECKHAM said of the statute: ' It is evidently of that kind which has been so frequent of late, a kind which is meant to protect some class in the community against the fair, free and full competition of some other class, the members of the former class thinking it impossible to hold their own against such competition, and therefore flying to the legislature to secure some enactment which shall operate favorably to them or unfavorably to their competitors.' "

The only issue presented upon this record to us for decision is the appeal by the defendant from his conviction. So judged we find the ordinance unconstitutional and, therefore, reverse the judgment of the Court of Special Sessions of Port Chester and the County Court of Westchester, and dismiss the information.

The judgments should be reversed and the information dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.