SEARS, ROEBUCK & COMPANY, Respondent, v. CITY OF BUFFALO, NEW YORK, and JAMES W. HIGGINS, as Commissioner of Police of the City of Buffalo, New York, Appellants.— Judgment and order affirmed, with costs, on the authority of *Cowan* v. *City of Buffalo* (247 App. Div. 591) and *People* v. *Kuc* (272 N. Y. 72). All concur. (The order directs entry of the judgment for plaintiff on the pleadings restraining defendants from interfering with shoe business owned by plaintiff and adjudges an ordinance* unconstitutional.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

ALFRED ROSENBLOOM, Appellant, v. LOUIS P. IUPPA and Others, Respondents.— Judgment affirmed, without costs, as to all the defendants except John Petrossi Co., and as to that defendant the appeal is dismissed, without costs, upon stipulation made in open court. All concur. (The judgment dismisses the complaint on the merits in an action for declaratory judgment declaring the lien of plaintiff's levy under execution superior to the claim of defendants.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

RAE WALLENS, Appellant, v. ERIE COUNTY SAVINGS BANK, Respondent.— Judgment affirmed, with costs. All concur, except Sears, P. J., who dissents and votes for reversal on the law and for granting a new trial, in the following memorandum: The assignment of rents, of which a copy, Exhibit " A " is annexed to the complaint, was on a form prepared by the defendant for use in cases where the property from which the rents were to be received was covered by a single mortgage. In the present instance the form was evidently for convenience used in relation to two separate parcels each covered by a separate mortgage. Under these circumstances and under general equitable principles, I construe the instrument as though it were two instruments each relating to a single parcel of property. On this fundamental principle the instrument as to each property provides for the application of the rents from each parcel to the carrying charges and arrearages of carrying charges of the particular parcel and to interest on any other mortgage held by the assignee on any property owned by the assignor. This is to be construed so that the rents derived from each property shall be devoted to the carrying charges of that particular property. The permissive application of the rents to interest on mortgages on other properties is in my judgment subordinate to the main purpose which is the application of the rents to the carrying charges on the property from which the rents are derived. I reach the conclusion, therefore, that the judgment should be reversed, without costs, and an interlocutory judgment entered construing the instrument in accordance with this memorandum and ordering an accounting accordingly, without costs. (The judgment dismisses the complaint on the merits in an action for an accounting and reformation of the written agreement on the ground of mutual mistake.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

* See Buffalo City Ordinances, chap. 25, § 159-f, adopted Sept. 3, 1935.—[REP.