THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROSE O'GORMAN and WILLIAM MATTHIAS, Appellants.

Argued April 29, 1937; decided May 25, 1937.

*J. Howard Carter* and *Paul L. Bleakley* for appellants. The ordinance is void as an illegal infringement of the personal liberty guaranteed the individual by both the Federal and State Constitutions. (*Connally* v. *General Constr. Co.,* 269 U. S. 385; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *United States* v. *Capital Traction Co.,* 34 App. D. C. 592; *People* v. *Briggs,* 193 N. Y. 457; *People* v. *Grogan,* 260 N. Y. 138; *United States* v. *Willard,* 8 Fed. Supp. 356; *Matter of Stubbe* v. *Adamson,* 220

N. Y. 459; *People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *Safee* v. *City of Buffalo*, 204 App. Div. 561; *Anderson* v. *Steinway*, 178 App. Div. 507; *Matter of Jacobs*, 98 N. Y. 98.)

*Leonard G. McAneny, Corporation Counsel (Harold T. Garrity* of counsel), for respondent. The ordinance is not void as an arbitrary exercise of municipal police power. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Safee* v. *City of Buffalo*, 204 App. Div. 561; *City of Syracuse* v. *Snow*, 123 Misc. Rep. 568.) The ordinance is a valid exercise of police power and is not an infringement of the United States or the New York State Constitutions. (*People* v. *Marx*, 99 N. Y. 377; *Noble State Bank* v. *Haskell*, 219 U. S. 104; *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379; *Chicago, B. & Q. R. R. Co.* v. *McGuire*, 219 U. S. 549; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Euclid* v. *Amber Realty Co.*, 272 U. S. 365; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429; *Commonwealth* v. *Davis*, 167 U. S. 143; *Barbier* v. *Connolly*, 113 U. S. 22; *Jones* v. *Brim*, 165 U. S. 180; *Powell* v. *Pennsylvania*, 127 U. S. 678; *People* v. *Anderson*, 355 Ill. 289; *Pugsley* v. *Sellmeyer*, 158 Ark. 247; *Paramount Famous Lasky Corp.* v. *United States*, 282 U. S. 30; *Sugar Institute, Inc.*, v. *United States*, 297 U. S. 553.)

CRANE, Ch. J.  Rose O'Gorman and William Matthias were going through Yonkers on June 21, 1936, when they were arrested because of the clothes they had on or did not have on. The girl had on " white sandals, no stockings, yellow short pants and a colored halter, with a yellow jacket over it and no hat;" the boy or young man " had on white sneakers, white anklets, short socks, yellow trunks, short pants, a blue polo shirt, brown and white belt, no hat." The arresting officer " thought they were ordinary hikers, we have to contend with each Sunday out in that section." On making the arrest the officer said to them, " Well, you haven't got what we term ' customary street attire,' and haven't a skirt on."

The officer did his duty if the ordinance under which he was acting is legal, as the courts, not the policeman, determine these matters.

The ordinance of the Common Council of the city of Yonkers, approved July 18, 1935, reads:

" § 1. No person over the age of sixteen (16) years shall be permitted to appear in bathing costume or in any other than customary street attire upon any public street or thoroughfare in the City of Yonkers.

" § 2. The provisions of this ordinance shall not apply to persons engaged in athletic contests for which permission has been granted by the proper officials of the City of Yonkers.

" § 3. Any person violating any provision of this ordinance shall be guilty of a misdemeanor and shall be liable to a fine not exceeding one hundred and fifty ($150) Dollars, or to imprisonment not exceeding thirty days, or to both such fine and imprisonment."

As these defendants did not have on bathing costume that part of the ordinance which forbids appearance " in any other than customary street attire " is the law for the violation of which they were arrested and subsequently convicted.

Can the city pass such a law? Indecency on the street of course may be restrained; if people like to walk around naked they must stay in the house and not appear on the streets. Tastes may differ but we are all agreed on this. When it comes to the kind and sufficiency of clothes one must wear to appear decently in public we of the law have generally left such matters to the good sense and force of public opinion. The law of the proper thing to do is not written in a book but rules most of our living. To meet the cases of persons who insist upon being conspicuous by exposing too much of their anatomy, it may be reasonable to prescribe that men and women shall cover themselves, at least when on the street. This ordinance in question, however, is not definite nor limited;

in fact it is so vague and meaningless as to reach many harmless and insipid foibles. Indecency as commonly understood may be prohibited but this ordinance goes too far. No man or woman is obliged to wear the " ordinary street attire." People can dress as they please, wear anything, so long as they do not offend public order and decency. Customary, not exceptional, street attire has rather a drab appearance; if some desire to color it up a bit, where is the harm? All kinds of uniforms and special apparel for purposes of pleasure or advertising or the like may disfigure or adorn the highway, but freedom in these matters may not be unreasonably restrained, even if foolish. The Constitution still leaves some opportunity for people to be foolish if they so desire. Sometimes a little folly saves us from more serious trouble. Be this as it may, the ordinance is too vague to be legal. Even the policeman was in doubt about " the customary " feature as he did not arrest with these defendants the other young girl who was in long white pants. This court said through me in *People* v. *Grogan* (260 N. Y. 138): " Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements." (p. 145.)

This rule condemns this ordinance *first*, because people cannot be forced to wear " customary street attire " where other attire does no harm; *second*, because such terms are too indefinite to state a crime. The purpose of the ordinance probably is to prevent indecent exposure, such an appearance on the public streets as shocks the moral sensibilities of our communities. The ordinance to be legal should so state or else describe the costume or lack of it which is prohibited. The modern bathing strips may be harmless at the seashore. They might

offend public order and decency on Broadway or any other public street.

As to each defendant, the judgments should be reversed and the information dismissed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.