The People of the State of New York, Plaintiff, *v.* Gus George, Defendant. (Two cases.)*

County Court, Westchester County, January 24, 1939.

*Walter A. Ferris, District Attorney [Samuel Faile, Assistant Corporation Counsel, of counsel], for the plaintiff.*

*Stephen R. J. Roach, for the defendant.*

Coyne, J. Defendant, a licensed peddler, appeals from judgments of conviction for violations of subdivisions e and f of section 10 of the Peddling and Hawking Ordinance of the City of White Plains, for respectively causing the vehicle from which he was peddling on a public street (1) to stand in one place for more than ten minutes, and (2) for selling his wares consisting of confectioneries and ice cream within two hundred and fifty feet of a school, between the hours of eight A. M. and four P. M. on a school day.

The facts are beyond dispute. The only questions presented are matters of law. As part of the record in both cases, defendant asks for a review of intermediate orders denying in part defendant's requests in a demand for a bill of particulars. The particular

---

* See *People (Capell)* v. *Palmer* (170 Misc. 475).

request denied was for a statement of the purpose of the ordinance. Considering only the procedural question as to the right of a defendant to demand a bill of particulars, and without regard to the substance of the demand, it will be observed that such right is governed by the provisions of chapter III-A under title V of part IV (§§ 295-a–295-l) of the Code of Criminal Procedure, which relates to simplified indictments. In the instant case the offenses were prosecuted not by indictment (simplified or otherwise), but by information. There is no statutory authority requiring the People to furnish a bill of particulars of an information, and I find no error in the rulings of the lower court on the motions.

Passing to the major contentions urged by appellant, it is claimed that the ordinance in each instance is unconstitutional in that it is unreasonable, arbitrary and discriminatory. After a careful examination of many authorities, I can find no support for appellant's contentions.

The obvious purpose of that portion of the ordinance which prohibits parking in the same place for over ten minutes is to prevent undue interference with traffic and to avoid undue congestion in public streets. Likewise, the portion designed to control and restrain the selling of ice cream and confectioneries during school hours is not an unreasonable regulation. The evils at which this restriction is aimed are too numerous and varied in scope to require specific mention.

As to discrimination, I find that the ordinance is not discriminatory as to this particular defendant, because the restrictions thereof apply to a general class, all of whom are treated alike in the privileges conferred and in the liabilities imposed. (*People* v. *Havnor*, 149 N. Y. 195.) The situations in *People* v. *Kuc* (272 N. Y. 72) and in *People* v. *Klinge* (276 id. 292) are clearly distinguishable. The present ordinance does not single out any particular peddler, but restricts the class generally and the ordinance is manifestly intended and designed to protect the public health, morals, safety and general welfare of the school children. I find the provisions of the ordinance now under review valid and constitutional in all respects.

Judgment of conviction affirmed in both cases.