Donald S. Taylor, J.
Plaintiffs sue for an adjudication that an ordinance enacted by the Common Council of the defendant, City of Albany, entitled: “ An Ordinance Relating to Itinerant Vending in the Public Streets and Public Places within the City of Albany ” is unconstitutional and void and permanently to enjoin its enforcement. The ordinance which was enacted on May 21, 1956 upon the recommendation of a committee which consisted of one alderman appointed by the president of the Common Council ‘ ‘ to investigate and report on the hazards to children who are attracted into the public streets by itinerant mobile vendors of products which are especially popular with children” reads as follows:
“ Section 1. The Common Council hereby finds and declares, as a matter of legislative determination, that it is in the best interests of the public and for the welfare and safety of the young children in the City of Albany that those peddlers from vehicles of products attractive to and popular with children and inviting or causing children to gather and collect about such vehicles in the carriageways of the public streets and public places, should be required to protect and safeguard such children from being struck by motor vehicles lawfully in the public streets and public places. This ordinance is declared to be a measure designated to protect and safeguard, in the public interest, the young children in the City of Albany to regulate traffic to prevent congestion of traffic, and to protect and preserve the safety, health and welfare of inhabitants of the City.
“ § 2. When any person shall vend or peddle from a vehicle in the public streets and places in the City of Albany, and, in the pursuit of such business or activity, children shall collect, assemble or gather about such vehicle for the purpose of making purchases, such person so vending and peddling, and, the pursuit of such occupation, shall be accompanied by an attendant whose sole duty and occupation shall be to protect and safeguard the children from injury and the hazards of street vehicle traffic and he shall maintain a constant look-out for approaching vehicles and shall warn the children and guard them from injury.
*629 “ § 3. Any person violating the provisions of this ordinance shall, upon conviction, be punished by a fine of not to exceed $100.00 or imprisoned for not to exceed ten days or by both such fine and imprisonment.”
The corporate plaintiff sells ice cream products, manufactured by Good Humor Corporation, from its refrigerated motor trucks manned by its licensed employees, including the individual plaintiff, along the public streets of that city.
An officer of the corporate plaintiff, the plaintiff Steffen and another employee have been arrested and arraigned before the Police Justice of the City of Albany charged with the violation of the ordinance on the basis that each was vending while unaccompanied by an attendant. An injunction pendente lite heretofore has been granted.
The plaintiffs challenge the validity of the ordinance and seek to restrain its enforcement on the grounds that it is unconstitutional, unlawfully discriminatory, arbitrary, an improper exercise of the police power of the municipality and in excess of its authority. They claim irreparable damage.
It is settled that a municipality may not entirely prohibit the business of vending ice cream or ice cream products on its public streets. (Good Humor Corp. v. City of New York, 264 App. Div. 620, affd. 290 N. Y. 312; People v. Klinge, 276 N. Y. 292; People v. Kuc, 272 N. Y. 72; New Jersey Good Humor, Inc., v. Board of Commissioners, Bradley Beach, 124 N. J. L. 162; Kohr Bros., Inc., v. Atlantic City, 104 N. J. L. 468; Frecker v. City of Dayton, 88 Ohio App. 52, affd. 153 Ohio St. 14; Frecker v. City of Zanesville, 72 N. E. 2d 477; Schul v. King, 70 N. E. 2d 378.) A city may, however, in the exercise of its police power regulate it by reasonable measures. (People v. George, 170 Misc. 707, affd. 280 N. Y. 843; Good Humor Corp. v. City of New York, supra; New Jersey Good Humor, Inc. v. Board of Commissioners, supra; Schul v. King, supra.) The requirements of such an ordinance are well known. (Defiance Milk Products Co. v. Du Mond, 309 N. Y. 537.) The questions as to the wisdom, need and appropriateness of the regulatory ordinance are for the municipal legislative body to determine and judicial interposition is justifiable only when the action taken is unreasonable or arbitrary or has no substantial relation to some manifest evil or is a palpable invasion of rights secured by fundamental law. (Stephenson v. Binford, 287 U. S. 251; Miller v. Wilson, 236 U. S. 373; Reingold v. Harper, 6 N. J. 182; People v. Beakes Dairy Co., 222 N. Y. 416; People v. Klinck Packing Co., 214 N. Y. 121; City of Rochester v. West, 164 N. Y. 510; Gilman v. Tucker, 128 N. Y. 190; Stuart v. Palmer, 74 N. Y. 183.) The *630 reasonable restriction of the free use of the public streets by persons utilizing motor vehicles for a business such as plaintiffs’ is not in my judgment violative of sections 10, 54 and 90 of the Vehicle and Traffic Law. (Sperling v. Valentine, 176 Misc. 826; Good Humor Corp. v. City of New York, 264 App. Div. 620, affd. 290 N. Y. 312, supra; People v. George, 170 Misc. 707, affd. 280 N. Y. 843, supra; General City Law, § 20, subd. 13.)
When, however, in the exercise of its police power a municipality undertakes to enact a regulatory ordinance in which conduct which is otherwise lawful is converted into that which is criminal, its terms must be clear, precise, definite and certain in specifying the conduct which is prohibited and in prescribing “ some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements.” (People v. Grogan, 260 N. Y. 138, 145; People v. O’Gorman, 274 N. Y. 284.) “ [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.” (Connally v. General Const. Co., 269 U. S. 385, 391; People v. Vetri, 309 N. Y. 401; Standard Chem. and Metals Corp. v. Waugh Chem. Corp., 231 N. Y. 51; People v. Taylor, 192 N. Y. 398; People v. Phyfe, 136 N. Y. 554; People v. Estreich, 272 App. Div. 698; Matter of Bell v. Board of Regents, 269 App. Div. 588; Commonwealth v. Carpenter, 325 Mass. 519; Glendale Coal Co. v. Douglas, 193 Ind. 73; People v. O’Gorman, supra; People v. Grogan, supra; 5 McQuillin on Municipal Corporations [3d ed.], § 15.24.)
As we have seen, the ordinance under consideration here provides that a person vending or peddling or engaging in the pursuit of that occupation in the public streets of the city of Albany in a manner which assembles children for the purpose of purchasing his products ‘ ‘ shall be accompanied by an attendant whose sole duty and occupation shall be to protect and safeguard the children from injury and the hazards of street vehicle traffic and he shall maintain a constant look-out for approaching vehicles and shall warn the children and guard them from injury.” It also provides for punishment by fine or imprisonment, or both, upon conviction for its violation.
The ordinance fails to provide with' clearness and precision suitable standards delineating what must be done and what must be avoided by the accompanying attendant to elude its penal consequences in the performance of the imposed duties to protect and safeguard children from injury. (People v. *631 Mancuso, 255 N. Y. 463, 470.) Does its language mean that the common-law standard of reasonable care in the attending circumstances sufficiently satisfies the requirements or does it impose an absolute duty to protect and safeguard to be fulfilled under all circumstances, some of which might well be supposed to involve situations over which and persons over whom the attendant could conceivably exercise no control? He is not told which obligation he is required to acquit. True, he is required to maintain a constant lookout and he has the duty to warn. Even though the latter be considered sufficiently definite without further specification as to the means to be employed, the duties to protect and safeguard are added ones to be observed. In addition to its lack of specification of standards for the attendant to follow, the ordinance fails to inform the vendor, corporate employer or co-employee, clearly and precisely whether he is subject to its penalties for the attendant’s failure to comply with its provisions. Moreover, it is doubtful that derivative penal responsibility could be enforced. (People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25.) Without such standards for the guidance of the persons whom it affects, the enactment must be held to violate due process of laiv and is void.
The defendants’ motions to strike out testimony upon which decision was reserved are denied; their objections to the admission in evidence of exhibits 4, 19 and 20 are overruled and their motions to dismiss at the close of the plaintiffs’ case and at the close of the entire case are also denied. Appropriate exceptions to the adverse rulings may be noted.
Judgment without costs in favor of the plaintiffs for the permanent relief demanded in the complaint may be entered hereon pursuant to the provisions of section 440 of the Civil Practice Act.