Fuld, J.
Charged with knowingly selling magazines from which the cover or title page had been removed, the defendant, owner of a bookstore in Buffalo, challenged the statute, section 436-d of the Penal Law, on which the charge was based, as unconstitutional. Enacted in 1956 “ to prevent the resale of periodicals once they had been recalled by the publisher” (Memorandum of Assemblyman Steingut, N. Y. Legis. Annual, 1956, p. 25), the section provides, insofar as relevant, that “ Any person who knowingly sells, offers or exposes for sale, (except in bulk as waste paper) any newspaper, magazine, periodical or other publication * * * from which the cover or title page has been removed, or from which the title, trade name, trade mark or other identification mark has been removed or obliterated, is guilty of a misdemeanor. ’ ’
A word of explanation as to the legislative background is necessary. Publishers of a number of magazines sell their product to national distributors who in turn sell them to regional wholesalers and these latter sell them to local retailers. Each of these sales is made on a “ sale or return” basis, it being understood that magazines which are not sold may be returned for full credit. To receive credit for a return, the retailer sends back the magazine itself but, at the wholesale level, to save transportation costs, returns are effected by sending either the cover of the magazine or that portion of it which bears its title. It is, of course, expected that, once the cover has been returned for credit, the coverless magazines will be taken off the market or rendered unsalable as magazines. However, an illicit trade apparently developed: instead of destroying the ‘1 returned ’ ’ periodicals or getting rid of them as waste, wholesalers, or wastepaper dealers who acquired them as waste, sold them to second-hand book dealers who, though aware of the trade practice to which we have referred, retailed them to the public at considerably reduced prices.
Whether the Legislature would have had the competency, in the exercise of the police power, to pass a law proscribing the illicit traffic in magazines “ returned ” for credit, we need not now consider or decide, for the simple fact is that the statute actually enacted, section 436-d, goes far beyond any such purpose. By absolutely forbidding any person from selling any coverless magazine, regardless of the circumstances under which, *4 or the reasons for which, the cover may have been removed, the Legislature has prohibited unquestionably legitimate sales and rendered criminal conduct that carries not the slightest taint of corruption or impropriety. This it was not privileged to do; its enactment is arbitrary and violative of due process. (See Weaver v. Pabner Bros. Co., 270 U. S. 402; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537; People v. Estreich, 297 N. Y. 910; People v. Kuc, 272 N. Y. 72; People v. Gillson, 109 N. Y. 389; Matter of Jacobs, 98 N. Y. 98.)
The police power is ‘ ‘ very broad and comprehensive ’ ’ and in its exercise ‘ ‘ the conduct of an individual and the use of property may be regulated so as to interfere, to some extent, with the freedom of the one and the enjoyment of the other ”. (Matter of Jacobs, 98 N. Y. 98, 108, supra.) But, in order for an exercise of the police power to be valid, there must be “ some fair, just and reasonable connection ’ ’ between it and the promotion of the health, comfort, safety and welfare of society. (People v. Gillson, 109 N. Y. 389, 401, supra.) “ The property of a citizen * * * may not be taken from him without rhyme or reason” (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541, supra); a statute may not infringe upon the right of an individual “ to pursue a lawful calling in a proper manner, or * * * deprive a person of his property by curtailing his power of sale, * * * unless this infringement and deprivation are reasonably necessary for the common welfare ”, (People v. Gillson, 109 N. Y. 389, 400, supra.)
What is wrongful is not the sale of coverless magazines, but rather their sale by a vendor who takes part in a scheme to defraud a. magazine publisher. Admittedly, by denominating as criminal all sales, section 436-d necessarily tends to prevent corrupt sales. But, even were we to suppose that it had power to prohibit such corrupt sales, it is unreasonable and beyond the legitimate exercise of the police power for the Legislature to interdict all sales, permissible and illicit alike, in order to prevent those which are illicit. The Legislature may not validly make it a crime to do something which is innocent in itself merely because it is sometimes done improperly, sometimes attended by improper motives or done as part of an illegal scheme. (See People v. Estreich, 297 N. Y. 910, supra; People v. Kuc, 272 N. Y. 72, supra.)
*5 Both the Kuc and Estreich cases involved legislative enactments which, though designed to meet known wrongs, were held unconstitutional because, as written, they punished behavior which was proper and unexceptionable. The Estreich case (297 N. Y. 910, supra), for instance, concerned a statute which made criminal the receipt of stolen goods by a junk dealer regardless of whether he had made reasonable inquiry concerning the goods. The Appellate Division ruled the statute invalid, and we affirmed, on the ground that it violated the due process clause. Since it failed to except from its compass those dealers who act in good faith and innocently acquire stolen goods after making reasonable inquiry, it unconstitutionally punished perfectly proper and legitimate conduct. And in People v. Kuc (272 N. Y. 72, supra), the court declared invalid a local ordinance aimed at preventing interference with “ the peace, comfort and repose ” of village residents by ‘ ‘ the cries of hawkers of newspapers ’ ’ during late evening hours. The reason the ordinance was invalidated was because its language prohibited not only noisy “ hawking ”, but all sales of newspapers on the village streets after 9:00 p.m. “ This ordinance ”, wrote the court (pp. 75-78), 1 ‘ goes too far. It does not stop at forbidding hawking. It also forbids absolutely the sale * * * of newspapers on any public street or public place within the limits of the time named. * * # No reasonable grounds explain the extreme lengths to which this ordinance goes.”
So, too, in the case before us; section 436-d, forbidding as it does the sale of all coverless magazines, goes too far and must be stricken as unconstitutional.
The order should be reversed and the information dismissed.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.