Mario Pittoni, J.
Pending the' trial of an action, started simultaneously herewith, for a permanent injunction and for declaration of the ordinance herein as unconstitutional, plaintiff moves to restrain the defendants from prosecuting the plaintiff and from interfering with the plaintiff’s business in any manner under the Anti-Noise Ordinance of the Town of Oyster Bay.
It appears that Nassau County Patrolman John Sehuermann on December 12, 1963 served a summons upon Joseph Shapiro, *927 a vice-president of the plaintiff, for an alleged violation of the Anti-Noise Ordinance of the Town of Oyster Bay. Thereafter, on December 20, 1963 Patrolman Schuermann swore to a complaint before a Nassau County District Court Judge and on this complaint Joseph Shapiro was to be arraigned. However, before that occurrence the papers in this proceeding and action were served upon the defendants.
The instant case is controlled by Mangels v. Incorporated Village of Rockville Centre (270 App. Div. 903 [2d Dept.]) in which the court said: “ A court of equity may restrain the prosecution of a criminal action in an exceptional case where irreparable injury may result, where the application presents only a question of law, and where a clear legal right to the relief is established. (Reed v. Littleton, 275 N. Y. 150; Mills Novelty Co. v. Sunderman, 266 N. Y. 32.) Such requirements are not satisfied by the showing in this case.”
Clearly, no irreparable injury will result to the plaintiff if no temporary injunction is granted in this case; all the issues of constitutionality of the ordinance can be determined in the Nassau County District Court where the prior action, started by summons and complaint, is and was pending before the commencement of the instant action.
Further, the question of the constitutionality of the ordinance, as it applies to the plaintiff, can only be determined upon a trial where testimony and other evidence shall be adduced. Thus, the application does not present only a question of lawT and the plaintiff does not show, without uncontroverted evidence at this time, a clear legal right to the requested relief.
Chief Judge Crane, in Reed v. Littleton (275 N. Y. 150, 157), succinctly stated the reasons for declining the entertaining of proceedings similar to the instant one when he said: “ In the meantime the applications for injunctions staying the criminal trials pending the hearing of the equity cases for declaratory judgments would disrupt prosecutions for crime and we would have more delay than at present. The policy of this State is to reduce delays in the trying of all cases, not to increase them by resort to unnecessary procedure. There is no need nor necessity for a resort to a trial in Equity to determine whether a scheme or device is gambling within the Penal Law. We might as well try out a larceny or a bigamy case in Equity. No doubt criminal prosecutions are always annoying and may disarrange the defendants’ income and finances but never yet has this been sufficient to change the usual and customary course of prosecutions for crime.”
*928 The case of Roadway Tr. Co. v. City of Buffalo (279 App. Div. 705 [4th Dept.]), the main authority relied upon by the plaintiff, is not helpful to it. As the plaintiff points out in its memorandum: “ Plaintiff was convicted for a violation of this ordinance in the lower criminal court and further summonses were served upon the plaintiff for the continuous violation of the ordinance.” A temporary injunction was justified in that case to prevent continual prosecution and harassment until the validity of that ordinance was decided. In the instant case, however, the plaintiff wants the constitutionality of the penal ordinance herein determined in equity, and here too there has been no prior trial or conviction; there is only one undecided penal action pending in the District Court, and the plaintiff can raise all the issues claimed here in that court.
In short, “ [e]quity will not restrain a criminal prosecution save in rare instances, of which this is not one ’ ’, and at the opening of the trial in the District Court the plaintiff herein may present its claims and the District Court can then make a determination thereon (Mellon v. Geoghan, 240 App. Div. 841 [2d Dept.]).
Motion is denied.