Xavier C. Bicoobono, J.
Motion of Citizens for Clean Air, Inc. to file a memorandum amicus curia is granted.
Plaintiffs move for a preliminary injunction to restrain defendants from enforcing criminal proceedings and administrative hearings brought against plaintiffs for alleged violations in the spraying of asbestos coating on construction sites, and charge that the regulations and orders of defendants are unconstitutional.
Plaintiffs, a corporation and its officers and employees, are engaged in the business of spray coating a fire-retarding material composed of asbestos during construction, usually while the building is not yet enclosed. Plaintiffs were served with a total of 19 summonses for violations of the Bules and Begulations of the Board of Air Pollution Control, called the Air Pollution Control Code. In addition, two show cause orders for departmental hearings were served, the purpose of which is a *822 determination as to whether plaintiff should not be prohibited from continuing its work and having its equipment sealed because of repeated violations.
The problem which confronts the court, simply phrased, is whether plaintiffs may continue earning their living lawfully as they have in the past, or whether in the interest of protecting the health of millions, including plaintiffs, rules and orders propounded by defendants may make such practices unlawful.
The choice here is, roughly speaking, between some curtailment of plaintiffs’ liberties and our very lives. Defendants, and Citizens for Clean Air, Inc. granted leave to intervene amicus curies, have presented powerful evidence of the disastrous medical effect of asbestos in the air, where the less visible the particles are, the more dangerous. Plaintiffs argue that they may be held criminally liable for emissions in the air during their work, which they cannot even see, and therefore how are they to guard against it?
In Trio Distr. Corp. v. City of Albany (2 N Y 2d 690, 696) the court wrote: “When, however, in the exercise of its police power a municipality undertakes to enact a regulatory ordinance in which conduct which is otherwise lawful is converted into that which is criminal, its terms must be clear, precise, definite and certain in specifying the conduct which is prohibited and in prescribing 1 some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ’ (People v. Grogan, 260 N. Y. 138, 145; People v. O’Gorman, 274 N. Y. 284.) ” (Emphasis supplied.)
The entire procedure, from the original enactment by the City Council of Local Laws, 1952, Nos. 114, 115 of the City of New York, which established the Department of Air Pollution Control, through the delegation of the rule-making power and enforcement to that department, was exhaustively reviewed and held constitutional in West Bronx Auto Paint Shop v. City of New York (33 Misc 2d 29, unanimously affd. without opn. 17 A D 2d 772, mod. in a way which does not concern this case, but otherwise affd. 13 N Y 2d 730). The court, therefore, finds the creation of defendant, Environmental Protection Administration, and its subdivision, defendant Department of Air Resources, constitutional. The code, originally adopted by the Board of Air Pollution after public hearings, is a lawful delegation by the Legislature of an administrative and enforcement obligation. We now examine the specific orders of the Commissioner, which plaintiffs claim are unconstitutional (a) for want of certainty *823 required for penal enforcement, and (b) because they are fiat by one man, the Commissioner, without public hearings.
A distinction must be made between the Board of Air Pollution Control and the Department of Air Pollution Control, headed by a Commissioner, which is now the defendant Department of Air Resources. Both bodies were created by the City Council in 1952 (New York City Charter, § 891 et seq.). Section 895 of the Charter gives the Board: “ jurisdiction to adopt and amend rules * * * regulating or prohibiting the emission into the open air ” (emphasis supplied).
These rules were adopted after public hearings (Administrative Code of City of New York, § 894-2.0) and constitute the Air Pollution Control Code.
Section 892 of the Charter gives the Commissioner jurisdiction to “ regulate and control the emission * * * He shall enforce all laws, rules and regulations with respect to such emissions.” (Emphasis supplied.) As part of his power to “ enforce ”, the Administrative Code states, section 892-5.0: ‘ ‘ The Commissioner may require alterations in any existing equipment or process for the purpose of procuring compliance ” (emphasis supplied).
The Commissioner’s orders, herein challenged as unconstitutional for vagueness, relate precisely to these “ alterations in equipment and process. ’ ’ The Commissioner, Robert N. Rickies, is eminently qualified professionally, holding a doctorate degree in chemical engineering. It is uncontroverted that he consulted with representatives of this industry, including plaintiffs themselves, about the best way to accomplish the purpose of eliminating a deadly particulate substance from the air. It is abundantly clear that the industry recommendations were followed in the orders promulgated by the Commissioner. These orders set forth in simple language £ £ what must be done and what must be avoided,” the test enunciated for a malum prohibitum.■ provision in a statute in Trio Distributing {supra). The court cannot believe that plaintiffs do not understand the standard implied by ££ shoveled clean ” or ££ all Objects, material and equipment ” not employed in spraying asbestos.
The drastic remedy of temporary injunction is very rarely granted against the enforcement of a criminal provision. (Mann v. Town of Southold, 44 Misc 2d 978.) The criteria which a petitioner for injunction must meet are a clear legal right to the relief shown by uncontroverted evidence and irreparable injury if the relief is denied. Under a very similar set of circumstances, where there was a criminal prosecution and interference with plaintiff’s business, and a challenge by plaintiff to the *824 constitutionality of the ordinance it was accused of violating, the court set forth these criteria and denied the preliminary injunction. (Commander Oil Corp. v. Town of Oyster Bay, 41 Misc 2d 926.)
Motion is denied.