OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant was charged with violating section 82-14 of the Village Code of the Village of Southampton in that while *630 walking in the village, he "refused to" wear a shirt”. The ordinance in question is part of chapter 82 of the Village Code, which deals with "peace and good order” and is found within article II, entitled "Public Attire”. Defendant moved to dismiss the charge against him on the ground that it was unconstitutional in that it did not bear any reasonable relationship to the public health, safety or welfare. The court below denied the motion and defendant pleaded guilty.
The ordinance in question provides that: "No person shall appear in a public street in said Village clothed or costumed in such a manner that the portion of his or her breast below the top of the areola is not covered with a fully opaque cover.”
Defendant’s main contention finds support in the case of DeWeese v Town of Palm Beach (812 F2d 1365) in which a similar provision was held unconstitutional in that it was not "rationally related” to any interest of the town. The court also rejected the contention by defendant that he had a right to choose his own clothing as being a fundamental constitutional right (Kelley v Johnson, 425 US 238; Karr v Schmidt, 460 F2d 609, cert denied 409 US 989). A possible claim of freedom of expression under the First Amendment was also rejected in DeWeese, citing South Fla. Free Beaches v City of Miami (734 F2d 608, 610-611).
On the other hand, ordinances based solely on esthetics have been upheld by the courts (see, 56 Am Jur 2d, Municipal Corporations, § 489, at 537; 25 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 240). Critical to the issues in this case is the case of People v O’Gorman (274 NY 284) which concerned an ordinance of the City of Yonkers, that required people to wear "customary street attire” when walking the streets of the city. The court stated (at 286): "The law of the proper thing to do is not written in a book but rules most of our living. To meet the cases of persons who insist on being conspicuous by exposing too much of their anatomy, it may be reasonable to prescribe that men and women shall cover themselves, at least when on the street.”
While the DeWeese case (supra) and the case of People v Price (33 NY2d 831, 832) would seem to raise a question as to the continued viability of the O’Gorman case (supra), it is the opinion of this court that any departure or modification of the opinion in O’Gorman should come from the Court of Appeals *631 and not from an intermediate appellate court (see, Bourjois Sales Corp. v Dorfman, 273 NY 167, 170; MacGilfrey v Hotaling, 26 AD2d 977, 978). We are therefore constrained to affirm the finding of guilt by the court below.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.