■■■ In the Matter of JOHN C. DOBRZENSKI et al., Respondents, v VILLAGE OF HAMBURG et al., Appellants. [715 NYS2d 819] —Judgment insofar as appealed from unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in granting judgment in favor of petitioners-plaintiffs (petitioners) declaring the April 19, 1999 amendment of the Solid Waste Policy of respondent-defendant Village of Hamburg (Village) an unconstitutional exercise of police power in violation of petitioners' right to privacy under the Federal and State Constitutions. The amendment provides that garbage will not be collected by the Village unless it is placed in clear bags.

Through the use of police power, a local government "exercises a supervision over matters involving the common weal and enforces the observance by each individual member of society of the duties which he owes to others and to the community at large" (*People v King*, 110 NY 418, 423). "Such supervision, when reasonable, is not only lawful but an affirmative duty imposed upon municipalities" (*City of Rochester v Gutberlett*, 211 NY 309, 315). "The police power is 'very broad and comprehensive' and in its exercise 'the conduct of an individual and the use of property may be regulated so as to interfere, to some extent, with the freedom of the one and the enjoyment of the other' " (*People v Bunis*, 9 NY2d 1, 4, quoting *Matter of Jacobs*, 98 NY 98, 108). "[I]n order to be held constitutional, a law which places some restriction upon an individual's freedom of action in the name of the police power must bear some rea-

sonable relation to the public good" (*People v Pagnotta*, 25 NY2d 333, 337; *see, People v Lee*, 58 NY2d 491, 495).

We conclude that the amendment here bears a reasonable relation to the public good. "In the interest of public health, safety and welfare and in order to conserve energy and natural resources," the State Legislature made solid waste management a priority in this State (ECL 27-0106). To that end, it has mandated the adoption of local laws requiring "that solid waste which has been left for collection * * * be separated into recyclable, reuseable or other components for which economic markets for alternate uses exist" (General Municipal Law § 120-aa [2] [a]). The Village's Municipal Solid Waste Law (Hamburg Village Code, ch 198, art II) mandates recycling (Hamburg Village Code § 198-7) and prohibits the commingling of recyclable materials with other solid waste left for collection (Hamburg Village Code § 198-11). The amendment requiring clear bags was adopted only after a 1998 study by the Village showed that a significant percentage of Village residents were not complying with the Municipal Solid Waste Law. Clear bags enable the Village to monitor compliance with the Municipal Solid Waste Law without the necessity of ripping open garbage bags to inspect their contents. If there is a right to privacy in the contents of a garbage bag (*cf., California v Greenwood*, 486 US 35), that right would most directly be affected if a municipality were to rip open a garbage bag to examine its contents. By mandating clear bags, the Village has reduced the interference with the rights of its residents. The amendment in question is presumed valid, and petitioners failed to establish beyond a reasonable doubt that it is unconstitutional (*see, Wiggins v Town of Somers*, 4 NY2d 215, 218). We therefore reverse the judgment insofar as appealed from and grant judgment in favor of respondents-defendants declaring the April 19, 1999 amendment a constitutional exercise of police power. (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.