OPINION OF THE COURT
Kathryn M. Smith, J.
The defendants are charged with nine counts alleging violations of sections 131.15 (a) and 3.09 of the New York City Health Code (24 RCNY), the Window Guard Law.
The individual defendants move to dismiss all the counts contained in the information on two grounds. First, the defendants move to dismiss pursuant to CPL 170.30, contending that there exists a legal impediment to their conviction, namely, that they cannot legally be held personally liable for the criminal violations of a cooperative corporation or its agent or employee. Additionally, the defendants move to dismiss in the interest of justice pursuant to CPL 170.40.
It should be noted that the People have agreed to dismiss counts 2, 4, 6, 8, 10, 12, 14, 16 and 18 of the information on the grounds that they are multiplicitous. Therefore, the court will not address this part of the defendants’ motion.
The court has reviewed the defendants’ moving papers, the People’s response, the defendants’ supplemental response, all relevant cases, pertinent court documents and for the reasons discussed hereafter, denies the defendants’ motion to dismiss the information against the three individual defendants in its entirety.
*165 HISTORY OF THE CASE
The allegations with respect to all counts of the information concern the failure to properly install and/or maintain window guards pursuant to section 131.15 (a) of the New York City Health Code, the Window Guard Law, in nine apartments located at 1401 Ocean Avenue, Brooklyn, New York. The subject premises is a 16-story, 185-unit cooperative apartment building. These alleged violations were discovered by city inspectors who conducted an inspection of the premises on July 6, 1994, following a report that a child had died after falling from one of the windows of the subject building. The instant information charging these violations was filed on June 24, 1996, nearly two years after that inspection.
Premier House, Inc., the named corporate defendant, has been the owner of the subject premises since June 29, 1984. The individually named defendants are all members of the Board of Directors of Premier House, Inc. At the time of the filing of the information, defendant Strauss was the president, defendant Rokowsky was the vice-president and defendant Fein was the secretary.
Maxwell Kates, Inc. was originally named as a defendant and charged as an operator and manager of the building. Jose Mendez was also originally named as a defendant in his capacity as the registered managing agent of the building. The defendants maintain that the information incorrectly designated Maxwell Kates, Inc. and Jose Mendez as managing agents, and attached to their motion to dismiss, a multiple dwelling registration (MDR) dated November 1994, which indicates that Efrain Lopez was in fact the managing agent at the time the alleged violations were discovered. In addition to the November 1994 MDR, the defense also proffers an affidavit of defendant Rokowsky which states that Efrain Lopez was the managing agent for the subject building and responsible for repairs and maintenance commencing March 1, 1993 and continuing through July 1994, when the alleged violations were discovered. A copy of a check for a management fee made out to Efrain Lopez and signed by Premier House, Inc. on March 10, 1993 is also offered by the defendants as proof that Efrain Lopez was on Premier House, Inc.’s payroll as managing agent at the time the inspectors discovered the alleged violations. Although the People dismissed the charges against Maxwell Kates, Inc. and Jose Mendez on February 10, 1997, no charges were brought against Efrain Lopez; the Statute of Limitations for filing charges against Mr. Lopez apparently having expired.
*166 Plea negotiations in this case have been unsuccessful, mainly due to the fact that the People’s offer to accept a misdemeanor plea and the payment of an appropriate fine by the corporate defendant, would also require a plea to violations by any one of the individual defendants. Although the defense is willing to accept the plea offer on behalf of the corporation, the defense disavows any culpability on the part of the individual defendants.
A. MOTION TO DISMISS PURSUANT TO CPL 170.30
The defendants move to dismiss the information pursuant to CPL 170.30, contending that they cannot legally be held personally liable for the criminal violations of the cooperative corporation or its agents or employees.
Legal Arguments
The People, citing People v Nemadi (140 Misc 2d 712 [1988]), contend that the Window Guard Law is a strict liability law which permits a finding of liability as to any individual who is responsible for the premises where such code violations are alleged to have occurred, without regard to any culpable mental state. The People further contend that by virtue of the defendants’ positions as officers of the Board, it is implicit that they exert some influence in or control over the daily functioning of the subject premises. The People reject any claim that these Board positions are merely honorary, noting: "The management of a 185 unit multiple dwelling is not for amateurs and it is offensive for the defendants to put forth the proposition that their positions on the Board of Directors were merely honorary and entailed no responsibility for the health and safety of the building’s occupants.”
The defendants argue that the People are attempting to extend the concept of "strict liability” to incorporate "vicarious liability”, in an effort to hold the individual defendants criminally liable for code violations of the corporation and managing agent, because of their status as officers of the cooperative corporation, without any proof of their personal knowledge of, control over or participation in the maintenance of the building. The defendants further argue that a managing agent is hired by a co-op board to be solely responsible for the daily maintenance of the building. The defense contends that holding the individual defendants liable for the code violations would have an adverse impact on the policies and procedures governing cooperatives across the city. The defense asserts *167 that the "criminal prosecution of volunteer co-op board members would be a shocking application of the law and would threaten the very nature of co-ops in the city”, and further notes that, "No one in their right mind will volunteer to be a co-op board member or officer if such prosecutions were permitted.”
Conclusions of Law
The sole issue for this court’s determination, with respect to this branch of the defendants’ motion is whether the individuals named can be personally charged with the criminal violations in question.
New York City Health Code § 131.15 (a) states in pertinent part: "The owner, lessee, agent or other person who manages or controls a multiple dwelling shall provide, install, and maintain, a window guard, of a type deemed acceptable by the Department, installation to be made pursuant to specifications provided by the Department on the windows of each apartment in which a child or children ten (10) years of age and under reside, and on the windows, if any, in the public halls of a multiple dwelling in which such children reside, except that this section shall not apply to windows giving access to fire escapes or to a window on the first floor that is a required means [sic] egress from the dwelling unit. It shall be the duty of each person who manages or controls a multiple dwelling to ascertain whether such child resides therein.” (Emphasis added.)
It is well settled that a corporation acts only through the individuals who act on its behalf, including its officers, and that a corporate officer cannot escape individual criminal liability for violations of the law, even though the corporate entity may also be named as a defendant. (See, United States v Dotterweich, 320 US 277 [1943]; People v Byrne, 77 NY2d 460 [1991]; see also, Penal Law §§ 20.25, 20.05.) "Whether or not these individual defendants can be deemed to be "in control” of the subject premises in their capacities as officers of the Board, and whether their proper duties and responsibilities were fully discharged with regard to the window guards in the subject apartments, are issues of fact, more appropriately reserved for trial.
"Whether the managing agent, as the defendants contend, is or would have been the only proper or appropriate individual to be charged in this case, instead of these defendants, is an issue which is suitably left to the discretion of the People. It is *168 well settled that the decision as to whether to prosecute and, if so, the determination as to the charges to be pursued, are matters which are within the discretion of the prosecutor. (See, People v Diaz, 146 Misc 2d 260 [1990]; see also, People v Di Falco, 44 NY2d 482 [1978]; People v Zimmer, 51 NY2d 390 [1980].) In cases where facts exist that may diminish the quantum of proof against a defendant, but do not necessarily negate the elements of the crime(s) charged, the charges against a defendant need not be dismissed on the ground that there exists a legal impediment to conviction. (See, People v Gordon, 88 NY2d 92 [1996].)
Accordingly, the defendants’ motion to dismiss the information on the ground that there exists a legal impediment to conviction of the individual defendants for the offenses charged under CPL 170.30 (1) (f) is denied.
B. MOTION TO DISMISS IN THE INTEREST OF JUSTICE PURSUANT TO CPL 170.40
In the alternative, the defendants also move for an order dismissing the information in the interest of justice pursuant to CPL 170.40. This branch of the defendants’ motion is also denied.
CPL 170.40 grants the court discretionary power to dismiss an accusatory instrument in the interest of justice. (See also, People v Rucker, 144 AD2d 994 [4th Dept 1988]; People v Wingard, 33 NY2d 192 [1973].) However, this discretionary power should be exercised sparingly and only in that " 'rare’ and 'unusual’ case when it 'cries out for fundamental justice beyond the confines of conventional considerations’.” (See, People v Insignares, 109 AD2d 221, 234, lv denied 65 NY2d 928 [1985], quoting People v Belge, 41 NY2d 60, 62-63 [1976]; People v Howard, 151 AD2d 253, 256, lv denied 74 NY2d 811 [1989]; People v Harmon, 181 AD2d 34 [1st Dept 1992].)
The factors to be considered as enumerated in CPL 170.40 are: (a) the seriousness and circumstance of the offense; (b) the extent of harm caused by the offense; (c) the evidence of guilt, whether admissible or inadmissible at trial; (d) the history, character and condition of the defendant; (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; (f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; (g) the impact of a dismissal on the safety or welfare of the community; (h) the impact of a dismissal upon the confidence of the public in the criminal justice *169 system; (i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
The defendants contend that the People have abused their discretion in charging them with code violations. The court will again cite the well-established rule that the decision to prosecute, and the determination of what charges are to be brought, are solely matters within the discretion of the People. (See, People v Diaz, supra; People v Di Falco, supra; People v Zimmer, supra.) Moreover, whether the defendants may have a viable defense or the People a weak case are not compelling factors which would move this court to circumvent the prosecutorial discretion of the People. (See, People v Prunty, 101 Misc 2d 163 [1979]; People v Litman, 99 AD2d 573 [3d Dept 1984].)
The defendants’ contention that the People’s plea offer is unduly harsh is also not a compelling reason to warrant a dismissal in the interest of justice. It is not within the province of the court to alter any plea offer. (See, People v Stern, 83 Misc 2d 935 [1975].) The court has also considered the backgrounds of the defendants, (i.e., occupation, age, lack of prior contact with the criminal justice system, the appearance of exemplary character), and deems that these are insufficient criteria to warrant a dismissal in the interest of justice. (See, People v Doe, 159 Misc 2d 799 [1993]; People v Diggs, 125 AD2d 189 [1986].)
Furthermore, the defendants’ contentions regarding their lack of culpability is not an issue suitable for resolution by a motion to dismiss in the interest of justice. (See, People v Vurckio, 162 Misc 2d 876 [1994].) The defendants are charged with serious code violations, the existence of which may possibly have contributed to the death of a child. The enactment of the Window Guard Law evidences a community recognition of the urgency and necessity of protecting children from falls from unguarded windows. The community would certainly not benefit from a dismissal of the charges at this time, absent any evidence that the defendants were not legally responsible for the premises and any code violations therein.
After examining each of these statutory factors individually and collectively, and applying these considerations to the facts of the instant case, the court finds no compelling considerations or circumstances existing in the present case to warrant a dis *170 missal in the interest of justice pursuant to CPL 170.40. (See, People v Schlessel, 104 AD2d 501 [2d Dept 1984].)
Accordingly, the defendants’ motion to dismiss the information in the interest of justice is denied.