OPINION OF THE COURT
Lucy Billings, J.
Defendant is charged in an information with falsely reporting an incident in the third degree. (Penal Law § 240.50 [3].) He moves to dismiss the information in the interest of justice. (CPL 170.30 [1] [g]; 170.40 [1].) He also moves for an order compelling discovery and inspection (CPL 240.20, 240.60, 240.80); suppressing defendant’s statements because they were involuntary (CPL 60.45, 710.20 [3]; 710.60; People v Huntley, 15 NY2d 72 [1965]), or the fruit of an unlawful seizure of defendant (CPL 710.60; Dunaway v New York, 442 US 200 [1979]); and precluding identification evidence, other statements by defendant, and impeachment evidence should defendant testify in his own defense. (CPL 240.43, 240.70, 710.30 [3].)
In determining the motions, the court has considered the factual allegations in the accusatory instrument and supporting deposition, defendant’s motion papers, and the People’s response and voluntary disclosure form. For the reasons set forth below, the court denies each of defendant’s motions.
I. THE MOTION TO DISMISS IN FURTHERANCE OF JUSTICE
A. The Factual Allegations
The accusatory instrument alleges that on October 9, 1997, at about 1:00 p.m., defendant telephoned 911. He informed responding police officers that burglars had stolen a television and cable box from his apartment at 311 East 109th Street, New York County. The accusatory instrument also alleges that after the officers completed a complaint report defendant admitted he sold the television and cable box before reporting the alleged burglary.
Attached to the People’s papers in response to defendant’s motions is a copy of defendant’s statement to police made approximately three and a half hours after his 911 call. Defendant admits that about 12:00 p.m. on October 9, 1997, he told his cable company his television set and cable box had been “lost”. The cable company advised him to call the police and obtain a complaint report. He also admits that earlier on the same day, about 4:00 a.m., he sold his television set and cable *244 box to someone he met in his neighborhood. Defendant does not dispute the accuracy or sufficiency of the facts alleged in the accusatory instrument or in his written statement to the police following his arrest.
In support of the motion to dismiss, defendant attaches photocopies of correspondence from Diane Lanier, M.D., and Benjamin Tallerson, assistant team leader, both written under the letterhead of “Pathways to Housing”, East Harlem ACT Team, Yorkville Common Pantry, 8 East 109th Street, New York, New York. Dr. Lanier states that defendant, a victim of chronic schizophrenia, normally receives daily medication to prevent psychotic lapses, characterized by rapid behavior changes, poor judgment, limited insight, and difficulty understanding the consequences of his behavior. On October 8, 1997, she noted on defendant’s chart that, at his request, her office recently had permitted defendant to report for his medication three times per week, rather than daily, “because his medication compliance was good.” On October 15, 1997, she was concerned that defendant “was not taking his medication” because on previous occasions, when defendant’s medication “pick up” changed from daily to three times weekly, he occasionally “missed some of his doses.”
Mr. Tallerson describes Pathways to Housing as a program serving formerly homeless people with “housing, intensive case management, advocacy and money management.” He reports that defendant is “compliant” with program requirements.
B. The Parties’ Arguments
In support of the motion, defendant argues that his medical condition and the victimless nature of the offense require dismissal of the information in the interest of justice. Pointing out that the acts on which the criminal charge is based occurred when he may have failed to take his medication, defendant urges that he could not have understood the consequences of his acts. He also argues that because the offense is victimless, dismissal of the charge would have little impact on the welfare and safety of the community.
The People respond that defendant’s mental health and its bearing on his legal responsibility for his acts are issues to be raised at trial, not litigated in a pretrial motion to dismiss. The People also dispute that the crime is victimless, citing the costs of pointless investigations and the deflection of police resources from the investigation of actual crimes.
*245 C. The Applicable Law
The motion to dismiss pursuant to CPL 170.30 (1) (g) should be granted only when “required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40 [1].) A trial court’s “residuum of inherent discretion” to dismiss a criminal charge on this basis (People v Belge, 41 NY2d 60, 62 [1976] [Fuchsberg, J., concurring]), “should be ‘ “exercised sparingly” ’ ” (People v Harmon, 181 AD2d 34, 36 [1st Dept 1992] [citations omitted]; People v Crespo, 244 AD2d 563, 564 [2d Dept 1997]). The court should invoke this discretion only in “the unusual case that cries out for fundamental justice”. (People v Belge, 41 NY2d, at 62-63.)
In determining whether such a case is before the court, CPL 170.40 (1) requires the court, “to the extent applicable,” to “consider, individually and collectively,” the determinants listed in the statute. The authority for the decision must be explicit, and the decision must be reached through “a sensitive balancing of the interests of the individual and of the People”. (People v Rickert, 58 NY2d 122, 127 [1983].)
D. This Court’s Decision
Application of the relevant statutory criteria to the record here does not warrant dismissal in furtherance of justice.
1. Application of the Criteria Under CPL 170.40
Defendant does not dispute, at least for purposes of this motion, that the facts alleged in support of the charge, if true, would warrant a criminal conviction. (CPL 170.40 [c].) Nor does he present any evidence of official misconduct or overreaching in the investigation of the offense or the decision to charge defendant with commission of a crime. (CPL 170.40 [e].) The People properly point out that the alleged conduct is neither trivial nor victimless. False reports of criminality impair the ability of the police to perform their proper function and diminish the resources available for the public’s protection. A failure to prosecute such incidents would encourage reckless and manipulative abuses of the police’s duty to respond to citizens’ needs, cause wrongful investigations of the innocent (CPL 170.40 [a], [b], [g]), and undermine public confidence in the criminal justice system. (CPL 170.40 [h]; People v Arbeiter, 169 Misc 2d 771, 773 [App Term, 1st Dept 1996].)
*246 Defendant’s principal appeal is to CPL 170.40 (d), the “history, character and condition of the defendant”. He alleges that insofar as his conduct may be attributed to his chronic psychiatric disability and the lack of proper medication, no prosecutorial purpose or public interest would be served by subjecting him to a criminal proceeding.
Mental illness could be a basis for finding several of the criteria listed in CPL 170.40, dictating dismissal in furtherance of justice. The most obvious is CPL 170.40 (d), the “condition of the defendant”. Mental illness could also warrant a finding that the “circumstances of the offense” (CPL 170.40 [a]), or “the purpose and effect of imposing upon the defendant a sentence authorized for the offense” (CPL 170.40 [f]), compel dismissal or “that a judgment of conviction would serve no useful purpose.” (CPL 170.40 |j].) In so doing, however, the court must be careful not to substitute a finding under CPL 170.40 for a finding of the defense of mental incapacity to commit the offense charged, under Penal Law § 25.00 (2) and § 40.15, or of defendant’s incompetency to stand trial, under CPL 730.20, both of which must be established through other rigorous procedures.
In this case, defendant’s mental condition does not meet the requirements for the motion for two main reasons. The primary thrust of defendant’s motion is that his mental condition and inadequate medication to control the condition impacted his conduct at the time of the offense. The record before the court here, however, does not support any such inference or that those factors should impact prosecution of the offense charged. Second, to the extent his alleged criminal behavior is attributable to those factors, or they now affect his fitness to proceed, these issues are precisely the ones to be resolved through other proper procedures.
2. The Record Regarding Defendant’s Mental Condition
Here, although the statements that defendant suffers from a psychiatric disability requiring daily medication to maintain normal functioning are not sworn by the persons with personal knowledge, the court accepts these facts for purposes of this motion. Dr. Lanier states, however, that defendant reported to her office to obtain his medication the day before the alleged criminal incident and that his history of “medication compliance”, presumably his capacity to self-medicate between office visits, had been “good.” On October 15, 1997, when Dr. Lanier questioned defendant’s compliance with his medication require *247 ments, it was six days after the incident. From these available facts, the court cannot conclude that defendant was inadequately medicated at the time of the incident, much less that a lack of medication was the proximate cause of his criminal conduct. (See, People v Hudson, 217 AD2d 53, 56 [2d Dept 1995].)
Upon this record the court cannot attribute defendant’s behavior to his mental disability. Mr. Tallerson states that defendant is compliant with the requirements of the program assisting him with his practical needs. Further, defendant’s history reveals an extensive involvement with the criminal justice system, including convictions for violent felonies and terms of incarceration. Although his arrests since 1992 are for relatively minor offenses, the court cannot conclude that defendant’s disposition to criminal conduct is now attributable solely to his psychiatric condition. (See, e.g., People v Cohen, 112 Misc 2d 377, 380-381 [Crim Ct, NY County 1981].)
3. The Proper Procedures Were the Record to Support Defendant’s Claims Here
In any event, a motion pursuant to CPL 170.40 is not the proper way to litigate potential trial defenses. (People v Hudson, 217 AD2d, supra, at 56.) “[W]hether the defendant! ] may have a viable defense or the People a weak case are not compelling factors * * * to circumvent the prosecutorial discretion of the People.” (People v Premier House, 174 Misc 2d 163, 169 [Crim Ct, Kings County 1997].) It is for the fact finder at trial to determine whether defendant “lacked substantial capacity to know or appreciate either * * * [t]he nature and consequences of [his] conduct; or * * * [t]hat [his] conduct was wrong” (Penal Law § 40.15), and generally, whether his mental condition “negate[s] a specific intent necessary to establish guilt”. (People v Segal, 54 NY2d 58, 66 [1981].) This court cannot now make that finding and issue a declaratory ruling that defendant was not responsible for his conduct by reason of a mental disease or defect, under the guise of a motion to dismiss in the interest of justice. (Penal Law § 25.00 [2]; § 40.15; People v Kohl, 72 NY2d 191, 195 [1988]; People v Hudson, 217 AD2d, at 56.) Similarly, while a finding that defendant is incompetent to stand trial would mandate dismissal of these misdemeanor charges, defendant’s competency is not now before the court. (CPL 730.40 [2]; 730.50 [1]; People v Schaffer, 86 NY2d 460, 464-465 [1995].)
*248 4. Conclusion
In sum, even if defendant’s factual allegations are accepted as true, he has failed to make a prima facie showing of any of the requisite circumstances warranting dismissal in furtherance of justice. Therefore the court must deny the motion without a hearing. (People v Thomas, 108 AD2d 884, 885 [2d Dept 1985]; People v Schlessel, 104 AD2d 501, 502 [2d Dept 1984]; People v Moore, 167 Misc 2d 994, 996 [Crim Ct, NY County 1996].)
II. THE MOTIONS FOR DISCOVERY AND TO SUPPRESS OR PRECLUDE EVIDENCE
On March 4, 1998, Judge A. Kirke Bartley, Jr., precluded defendant from filing pretrial motions other than the motion pursuant to CPL 170.40, because the 45-day statutory period and whatever additional time 'defendant was granted to make those motions had expired. (CPL 255.20 [1].) Therefore the court must summarily deny the remainder of defendant’s motions. (CPL 255.20 [3].) Defendant retains the rights to renew his motion regarding impeachment evidence pursuant to CPL 240.43 and to file additional motions upon a showing of good cause pursuant to CPL 255.20 (3).