OPINION OF THE COURT
James C. Harberson, J.
The defendant argues that Agriculture and Markets Law § 353 is unconstitutionally vague on the ground a person of common intelligence could not ascertain what conduct is proscribed by the wording of the statute; and, in particular, the use of the terms “unjustifiably” and “unjustifiable” as a means of determining criminal conduct, notwithstanding being too vague, does not refer to the defense of justification under CPL 170.35 (1) (c).
The People deny the statute is too vague to inform a person of ordinary intelligence what conduct is prohibited and that the term “unjustifiably” as applied to the conduct of the defendant is a question of fact for a jury.
The Office of Attorney General Eliot Spitzer, by Assistant Attorney General James P. O’Rourke, in a letter dated September 13, 1999, joined the proceeding by supporting the People’s reply.
Agriculture and Markets Law § 353 states “[a] person who * * * tortures * * * or unjustifiably injures, maims, mutilates or kills any animal * * * is guilty of a misdemeanor” and section 350 (2) defines “Torture” or “cruelty” as including “every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted.”
The defendant was charged with violating Agriculture and Markets Law § 353. The defendant said he thought it was alright to dock his puppy’s tail himself. He used a rubber band on the young puppy’s tail to accomplish this result. A neighbor selected this particular puppy on May 21, 1999 which the defendant agreed to sell her. The purchaser became concerned with the condition of the tail area after she bought the puppy so she took the puppy to a local animal shelter on May 22, 1999 where the puppy was kept under observation. On May 24, 1999, the puppy was taken to a veterinarian who determined that the puppy’s condition at that time required that the puppy be euthanized.
JUSTIFICATION ISSUE
Penal Law § 35.05 provides that “conduct which would otherwise constitute an offense is justifiable and not criminal” *540 under various circumstances. When a person, then, knows the conduct is an offense before engaging in it and nonetheless feels justified in engaging in it, then once charged with the offense the person can raise the justification defense.
If there is a question of whether the statute defining an offense is so vague that one cannot ascertain what conduct is proscribed as argued in this case, the issue does not rest on knowingly engaging in proscribed conduct with a defense of justification for violating the law. The issue is whether the statute fails to clearly define the proscribed conduct so one can avoid engaging in it in the first place without having to guess at its meaning.
So the justification defense would be raised where one knows what the statute prohibits but decides to engage in the proscribed conduct based on a feeling that he or she is justified in doing so as a defense. The issue raised by the defendant in this case is whether the words “unjustifiably” and “unjustifiable” are too vague constitutionally to fairly apprise one of what conduct the statute prohibits. This question deals with the different problem of not being able to know what one cannot do which is mutually exclusive from a knowing violation of a statute one understands but proceeds to violate anyway for a justified reason.
The court finds that the use of the terms “unjustifiable” and “unjustified” are not specifically used to refer to the defense of justification under Penal Law § 30.05, but rather, to set a verbal boundary between acceptable infliction of physical pain, suffering or death and/or the maiming or mutilation of an animal and when a person’s conduct exceeds such boundary.
CONSTITUTIONAL VAGUENESS ISSUE
In United States v Mazurie (419 US 544, 550), the Court said “[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand” (see also, Maynard v Cartwright, 486 US 356).
In United States v Powell (423 US 87), the Court noted that the lower court eschewed the “as applied” method because “[i]t must necessarily have concluded * * * that the prohibition [of the statute] proscribed no comprehensible course of conduct at all” and “[i]t is well settled * * * that such a statute may not constitutionally be applied to any set of facts [citations omitted].” (United States v Powell, supra, at 92.)
The court does not find that Agriculture and Markets Law § 350 (2) and § 353 “proscribe no comprehensible course of *541 conduct at all” because “[they] may not constitutionally be applied to any set of facts” (i.e., see, People v Bunt, 118 Misc 2d 904 [hitting a dog with a baseball bat]), so the vagueness challenge “must be examined in light of the facts of the case at hand.”
In this case the defendant claims the use of the words “unjustifiable” and “unjustifiably” in Agriculture and Markets Law § 350 (2) and § 353 violates the Due Process Clause because they fail to give adequate notice to a reasonable person that the conduct of docking a dog’s tail under the facts of this case is proscribed by the statute.
In People v Bright (71 NY2d 376, 382), the Court discussed the requirement that “the statute must provide sufficient notice of what conduct is prohibited” saying, “[t]he rationale underlying the requirement that a penal statute provide adequate notice is the notion ‘that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed’ [citations omitted].”
“Consistent with our concept of basic fairness, due process requires that a penal statute be sufficiently definite by its terms so as ‘to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute’ [citations omitted]. For this reason, under our State and Federal Constitutions, the Legislature may not criminalize conduct that is inherently innocent merely because such conduct is ‘sometimes attended by improper motives,’ since to do so would not fairly inform the ordinary citizen that an otherwise innocent act is illegal [citations omitted]; see also, Smith v Goguen, 415 US 566 [‘ “men of common intelligence” should not be forced to guess at the meaning of the criminal law’].” (People v Bright, supra, at 382-383.)
In Bright, the Court said that while a term (loitering) “has a commonly accepted meaning * * * a statute that merely prohibits loitering, without more, is unconstitutionally vague [as] [s]uch a generalized law fails to distinguish between conduct calculated to cause harm and conduct that is essentially innocent, thereby failing to give notice of what conduct is prohibited.” (People v Bright, supra, at 383-384.) The Bright Court said that only when such laws concerning loitering are qualified by adding “for a specific illegal purpose” or “in a specific place of restricted public access” would such law be no longer constitutionally vague (at 384).
The terms in question in Bright (supra) used to define the proscribed conduct of “loitering” were at issue because “the *542 Legislature may not criminalize conduct that is inherently innocent merely because such conduct is ‘sometimes attended by improper motives’ [see, People v Bunis, 9 NY2d 1, 4], since to do so would not fairly inform the ordinary citizen that an otherwise innocent act is illegal * * * ‘ “men of common intelligence” should not be forced to guess at the meaning of the criminal law.’ ” (People v Bright, supra, at 383.)
According to the Agriculture and Markets Law there are two types of maiming or mutilation causing physical injury or suffering, unjustified and justified. The former is prohibited so all physical pain, suffering or death which ensues is per se unjustified and violates Agriculture and Markets Law § 353.
There is justifiable maiming or mutilation causing physical injury not specifically prohibited by statute such as the clipping of a dog’s ears (Agriculture and Markets Law § 365 [1]) so long as it is done in a manner defined by the statute (under an anaesthetic and performed by a licensed veterinarian) and, as in this case, the clipping of a dog’s tail, the procedure for which the law is silent.
The defendant engaged in the “docking” of a newborn puppy’s tail by putting a rubber band around it. This procedure is no more of a maiming or mutilation causing injury to a dog resulting in similar physical pain or suffering than is found when a dog’s ears are clipped. Both are common practices that are not proscribed by the statute.
The law requires ear clipping to be done in a certain manner by a veterinarian using a pain killer, while there is no such requirement when a dog’s tail is docked. Implicit in the requirement of veterinarian involvement in ear clipping is the prescription that the procedure is to be done painlessly and that there will be professional care of the wounded area to be sure that during the after-care period the dog will be relatively pain free and that the wound heals completely.
The act of docking a dog’s tail does not require the professional supervision, so an ordinary person of common intelligence is only required to avoid “unjustifiable physical pain” and “suffering” (Agriculture and Markets Law § 350 [2]) when engaging in such conduct. The ordinary person, then, is not held to the same standards as would be a veterinarian in how the procedure was done or in the manner in which the aftercare was done. The only guide to set the line between when tail docking violates the law is a verbal threshold defined by the grammatical modifier prefix “un” making justifiable conduct unjustified and thus proscribed by law.
*543 In Maynard v Cartwright (486 US 356, supra) the vagueness issue was that the terms “heinous,” “atrocious” and “cruel” did not on their face offer sufficient guidance to a jury deciding whether aggravating circumstances existed to impose the death penalty. While the case involved a vagueness claim under an Eighth Amendment capital punishment issue, the criticism of the terminology used applies equally to any terminology too vague to inform and thus constitutionally imprecise — which is the issue in this case: “First, the language of the Oklahoma aggravating circumstance at issue — ‘especially heinous, atrocious, or cruel’ — gave no more guidance than the ‘outrageously or wantonly vile, horrible or inhuman’ language that the jury returned in its verdict in Godfrey. The State’s contention that the addition of the word ‘especially somehow guides the jmfys discretion, even if the term ‘heinous’ does not, is untenable. To say that something is ‘especially heinous’ merely suggests that the individual jurors should determine that the murder is more than just ‘heinous,’ whatever that means, and an ordinary person could honestly believe that every unjustified, intentional taking of human life is ‘especially heinous.’ [Citation omitted.] Likewise, in Godfrey the addition of ‘outrageously or wantonly’ to the term ‘vile’ did not limit the overbreadth of the aggravating factor.” (Maynard v Cartwright, supra, at 364-365.)
The argument that the use of the prefix modifier “un” before the term “justified” like the use of the word “especially’ before the term “heinous” would “somehow guide” anyone deliberating whether or not to dock a dog’s tail is “untenable.” If the common conduct of docking a dog’s tail — justified because it is not prescribed nor proscribed by statute — becomes a criminal act due to some undefined aggravating factor making the conduct “unjustified,” and, justified tail docking is not prescribed as it is when clipping a dog’s ears (Agriculture and Markets Law § 365 [1]), the case of the prefix modifier “un” before the term “justified” offers no more guidance to a reasonable person because the term “justified” is left undefined.
The Bright Court stated, and as this court finds applies to Agriculture and Markets Law § 350 (2) and § 353, “[s]uch a generalized law fails to distinguish between conduct calculated to cause harm and conduct that is essentially innocent thereby failing to give adequate notice of what conduct is prohibited” (People v Bright, 71 NY2d 376, 383-384, supra). And, only when such “generalized” laws are qualified by specifying those situations when the law applies would such a law no longer be constitutionally vague (supra).
*544 The question, then, is whether the docking of a dog’s tail is “a comprehensible course of conduct” proscribed by the prohibitions of Agriculture and Markets Law § 350 (2) and § 353. The answer is no, for if it were ascertainable from a reading of those sections then Agriculture and Markets Law § 365 (1) and § 368 (1) prescribing the conduct when a dog’s ears are clipped and proscribing docking of a horse’s tail dealing with essentially similar conduct would not have been added to article 26 of the Agriculture and Markets Law in which section 350 (2) and section 353 are located. These additions were needed to avoid a fatal vagueness violating the Due Process Clause because the wording of section 350 (2) and section 353 fails to intelligibly forbid these definite courses of conduct by giving an adequate warning that the docking of a horse’s tail and the clipping of a dog’s ears (unless done by a veterinarian using an anaesthetic) are criminal offenses.
This conduct involving a dog’s ears or a horse’s tail as so limited or prohibited is not inherently or implicitly proscribed, then, in the several wording of section 350 (2) or section 353. So too, the common practice of docking a dog’s tail using rubber bands is not similarly implicitly proscribed by the wording of these sections. The act of docking a dog’s tail is not “conduct calculated to cause [a] harm” but rather “essentially innocent [conduct]” (People v Bright, supra, at 383-384) and “[t]he Legislature may not validly make it a crime to do something which is innocent in itself merely because it is sometimes done improperly” (People v Bunis, 9 NY2d 1, 4, supra). If the Legislature wants to prohibit the practice of docking a dog’s tail (as in the case of a horse), or prescribe how it can be done legally (as in the case of clipping a dog’s ears), then appropriate legislation should be passed.
The court finds that the words “unjustifiably” and “unjustifiable” as applied to the conduct of the defendant in this case based on the facts of this case are in violation of the Due Process Clause due to vagueness because a reasonable person in the defendant’s circumstances would not have noticed his conduct placed him at risk of violating the law — the “boundary between the constitutionally permissible and impermissible applications of the statute” (People ex rel. Serra v Warden, 90 Misc 2d 654, 656). The cure for this vagueness caused by the use of the terms “unjustifiably” and “unjustifiable” is to set the boundary between the constitutionally permissible and impermissible applications of the statute (People ex rel. Serra v Warden, supra, at 656).
*545 A way to avoid making the conduct of docking a dog’s tail a crime, “essentially innocent [in itself]” and “not conduct calculated to cause harm” (People v Bright, supra, at 384; People v Bunis, supra) to the dog, “merely because it is sometimes done improperly” (People v Bunis, at 4), would be to define what is a justifiable tail docking procedure and whether it should be conducted by a veterinarian using an anaesthetic. Once the tail docking conduct is so qualified by adding such “specifics” then “ £ “men of common intelligence [could] not be forced to guess at the wording of the criminal law” ’ ” (People v Bright, supra, at 383) and the law would no longer be too vague.
In conclusion, to paraphrase Judge Fahey in People v Couser (176 Misc 2d 86, on rearg 176 Misc 2d 101, 106, revd 258 AD2d 74, lv granted 93 NY2d 1043), in which he found the use of the term “command” lacking any definition as constitutionally vague on an Eighth Amendment issue, “th[e] court has not said that the termfs] [‘unjustifiable’ or ‘unjustifiably’ are] undefinable, only that [they] are undefined” rejecting the suggestion “it was appropriate for the courts to ‘interpret’ [the terms] as ‘no greater definition need be provided in the statute,’ ” concluding “ [i] n this regard it is not for * * * any court to give [the terms] a definition, it is the Legislature’s function to provide that meaning.”
The court finds that based on the facts of this case involving the docking of a dog’s tail, Agriculture and Markets Law § 350 (2) and § 353 “as applied” to the defendant violate the due process guarantees of both the Fourteenth Amendment of the United States Constitution and article I, § 6 of the New York Constitution because of the vagueness of the terms “unjustifiable” and “unjustifiably” used to define when the common conduct of tail docking becomes criminal conduct. It is the “Legislature’s function to provide that meaning” as it has with ear clipping in dogs and tail docking in horses by passing specific legislation to proscribe it or prescribe how the procedure can be done legally.
The defendant’s motion to dismiss is granted.