OPINION OF THE COURT
Michael Gerstein, J.
Defendant is charged with the offense of overdriving, torturing and injuring animals and failure to provide proper sustenance for animals (Agriculture and Markets Law § 353), a class A misdemeanor, for allegedly refusing to provide medical care for his dog, Sophie, for a prominent mass protruding from her rear end, which subsequently required surgery and six days of intensive care. We hold the statute constitutional as applied, the complaint facially sufficient and that the interests of justice do not warrant dismissal.
Defendant challenges both the sufficiency of the complaint and the statute. He moves, first, for dismissal for facial insufficiency pursuant to CPL 170.30 (1) (a); 170.35 (1) (a)-(b); 100.15 and 100.40. Second, defendant moves for dismissal pursuant to CPL 170.30 (1) (f), arguing that the regulation is unconstitutional because it is void for vagueness. Third, defendant seeks *909 dismissal in the interest of justice pursuant to CPL 170.40, as a matter of public policy, as well as the weakness of the evidence against defendant, doubts about the meaning of Agriculture and Markets Law § 353, and the factors set forth in CPL 170.40. The People oppose defendant’s motion. For the following reasons, defendant’s motion is denied in its entirety.
Legal and Factual Background
The complaint, signed by Humane Law Officer Deborah Koch of the American Society for the Prevention of Cruelty to Animals (ASPCA), states in relevant part:
“Deponent states that, at the above time and place [on or about December 11, 2007 at approximately 3:23 p.m.], Deponent observed a female cane corsa (canine) who appeared thin and had a mass like tumor coming from rear end.
“Deponent further states that Deponent asked Defendant if Defendant owned the canine and wheather [s¿c] the canine had any medical conditions, to which the Defendant stated in sum and substance that Defendant owned said dog that Defendant knew dog had a mass on dog’s rear end and that Defendant did not and would not take said dog to the vet for medical attention.
“Deponent is further informed by Dr. Robert Reisman, Doctor of Veterinary Medicine, that the above stated cane corsa was a: 2 year old, female dog, had a prolapsed vagina and was underweight.
“Deponent is further informed by Dr. Reisman that because the dog had not recieved [sic] medical attention, the medical treatment to save the dog’s life required a surgery and six days of intensive care and that lack of care to the dog caused said dog to suffer needlessly.”
The defendant is charged on these allegations with one count of Agriculture and Markets Law § 353. In addition to the complaint, the People have served and filed a supporting deposition signed by Dr. Robert Reisman, corroborating the allegations in the accusatory instrument.
Where a case may properly be determined on other grounds, a court should refrain from considering challenges brought under the Federal or State Constitution. (Jean v Nelson, 472 US 846 [1985]; Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531 [1992].) We therefore consider, as a threshold matter, the facial sufficiency of the complaint.
*910 Defendant’s Motion to Dismiss the Complaint for Facial Insufficiency is Denied
In order to be sufficient on its face, an accusatory instrument must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].) The allegations must be nonhearsay. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) Furthermore, the Court of Appeals in People v Allen (92 NY2d 378 [1998]), held that at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges.
Agriculture and Markets Law § 353 provides, in relevant part:
“A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a class A misdemeanor.”
Defendant argues[1] that the information charges defendant with failure to provide medical care for a dog, and that Agriculture and Markets Law § 353 should not be read to cover this situation. (Defendant’s mem at 4.) Defendant cites People v Arroyo (3 Misc 3d 668 [Crim Ct, Kings County 2004]), for the proposition that the provisions of Agriculture and Markets Law § 353 do not refer to medical care for an animal, and that “sustenance” cannot reasonably be understood to include providing medical care within its prohibitions. (Defendant’s mem at 4.) The People counter that contrary to defendant’s motion papers, the provision of Agriculture and Markets Law § 353 which applies to defendant’s conduct is not failure to provide “proper sustenance,” but rather “furthering] any act of cruelty to any *911 animal, or any act tending to produce such cruelty.” (People’s off U 5.) The People point out that Agriculture and Markets Law § 350 (2) defines cruelty as “every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted.” (People’s off 1Í 6 [emphasis added].) Thus, the People argue, Agriculture and Markets Law § 353 requires no further allegations than those already contained in the complaint. (People’s mem at 4.) As the matters alleged in the complaint constitute an “omission or neglect” permitting unjustifiable pain or suffering, we find the complaint to be facially sufficient.
The complaint and supporting deposition allege that defendant knew the dog had a mass on its rear end and that defendant did not and would not take said dog to the veterinarian for medical attention.[2] The complaint further alleges that because of defendant’s failure to seek medical attention, saving the dog’s life required surgery and six days of intensive care and that defendant’s lack of care caused Sophie to suffer needlessly. Allegations that defendant’s lack of care caused Sophie to suffer needlessly, though perhaps not complete enough to sustain a conviction, are sufficient to establish a prima facie case of Agriculture and Markets Law § 353 at this stage in the proceedings. (People v Walsh, 19 Misc 3d 1105[A], 2008 NY Slip Op 50556DJ] [Crim Ct, NY County 2008] [allegations stating that the animal was medically neglected provide a prima facie showing that defendant permitted the animal to suffer unjustifiably]; People v O’Rourke, 83 Misc 2d 175 [Crim Ct, NY County 1975] [failure to provide medical care for horse constitutes omission or neglect under the statute].)
Our case is distinguishable on several grounds from Arroyo (supra), where the court held the statutory provisions prohibiting depriving an animal of “necessary sustenance” and “unjustifiably” causing pain to an animal were vague as applied to a defendant who made a conscious decision not to provide medical care to a terminally ill animal based on his moral beliefs and limited finances.
First, it is significant that Arroyo was not decided on a motion to dismiss for facial insufficiency, but rather on a motion to dismiss on the grounds that the statute is unconstitutionally *912 vague as applied to that defendant. (3 Misc 3d 668, 669 [2004].) Second, the decision in Arroyo followed a Huntley hearing, and was largely based on the evidence adduced at that hearing. By contrast, defendant here asks the court to dismiss for facial insufficiency, thereby limiting the court to the four corners of the complaint and any supporting depositions, and all of the allegations in support of defendant’s motion are made solely by his attorney, and lack evidentiary value. (See infra.) Moreover, the court in Arroyo found it significant that defendant was familiar with cancer because a relative had had cancer and had painful chemotherapy and stated that he believed that the terminally ill dog should live out her life without intervention, all facts revealed at the Huntley hearing, and matters which raise moral issues regarding treatment, which issues are not implicated in our case.
Furthermore, the Arroyo court found specifically that there was no allegation that defendant in any way neglected his animals, thus defendant’s decision not to provide medical care to his dog was not part of a pattern of neglect. (Id. at 679.) Significantly, in People v Temples (Crim Ct, Kings County, June 4, 2004, docket No. 2003KN066507 [unpublished]), only two months after deciding Arroyo, the same judge found, in a motion to dismiss for facial insufficiency, that the facts alleged in a complaint alleging Agriculture and Markets Law § 353 showed “a pattern of neglect” on the part of defendant, and accordingly denied dismissal. The holding in Arroyo is thus limited in its scope.
Because the purpose of requiring corroborating facts as to all elements of a crime alleged for a validly facially sufficient information is to ensure that “the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) We find that arguments regarding whether the alleged conduct indicates a “pattern of neglect” and whether the animal’s suffering is unjustifiable are ill-suited for resolution on a motion to dismiss for facial insufficiency. Factual issues of this nature render cases of failure to provide medical care to an animal under Agriculture and Markets Law § 353 particularly unsuitable for determination on motion, and except in the most extreme cases, are best reserved for trial. (See People v Reyes, 20 Mise 3d 1129[A], 2008 NY Slip Op 51665[U] [Grim Ct, Kings County 2008].)
*913 Defendant’s Motion to Dismiss in the Interest of Justice is Denied
CPL 170.40 (1) grants the court the discretionary power to dismiss a misdemeanor complaint or information where there exists “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” If a defendant meets his or her burden of presenting compelling facts that individually or collectively warrant dismissal, this court may order a hearing to determine the facts, or grant the motion to dismiss if sufficient uncontested facts are present. (People v Clayton, 41 AD2d 204 [2d Dept 1973].)
CPL 170.40 (1) sets forth 10 factors which the court must consider in determining whether to grant a dismissal in the interest of justice.[3] This court has considered each of the 10 factors and will discuss the most relevant in turn. (People v Gragert, 1 Misc 3d 646 [Crim Ct, NY County 2003] [a court may consider relevant factors individually and collectively, and need not discuss each of the 10 factors point-by-point].)
Although defendant has sought to apportion his argument among several of the Clayton factors, his motion rests primarily on his assertions that as a matter of public policy, and because the evidence against him is weak, the case against him should be dismissed. (Defendant’s mem at 11-12.)
As a matter of law, factual allegations made by hearsay alone are legally insufficient to support dismissal in the interests of justice, particularly where, as in our case, those allegations are controverted by the People. (See People v Dodard, 178 Misc 2d 242 [Crim Ct, NY County 1998].) Nevertheless, as that defect is potentially curable, we discuss the merits of the motion. As set forth below, defendant relies heavily on factual assertions *914 contained in the affirmation of defense counsel, Elizabeth Kase, Esq., who has no personal knowledge of the underlying facts. Since defendant’s motion papers do not include an affirmation by defendant, the following arguments are all based on hearsay.
In support of the motion, defense counsel argues that defendant has a number of other dogs, and that all of the other dogs were found by the ASPCA to be well cared for. (Defense counsel’s affirmation 11 20.) Moreover, defendant has no criminal history of any kind. (Defense counsel’s affirmation 11 20.) Defense counsel contends there would be no purpose in imposing any punishment on defendant, and that the failure to punish him will not have any effect on the safety of the community or the confidence of the public in the law enforcement system. (Defense counsel’s affirmation If 22.) Furthermore, defense counsel argues, since the complainant is a dog, “it is unlikely that it is appropriate to consider the dog’s attitude.” (Defense counsel’s affirmation 1Í 22.)
However, defense counsel contends, this prosecution does raise profound questions regarding the Obligations imposed upon the owner of an animal. (Defense counsel’s affirmation 1f 23.) Defendant maintains he is without fault in this matter. According to defendant, the dog was abandoned on his premises, he assumed care for the animal, and without any fault on defendant’s part, the animal became ill. (Defense counsel’s affirmation If 24.) He contracted with a veterinarian to come to his premises to examine the animal, and again without any fault on defendant’s part, the visit was postponed, and the ASPCA came to the premises before defendant could reschedule the veterinarian. (Defense counsel’s affirmation If 25.) Finally, defense counsel argues, once the ASPCA took the animal, the treatment of the animal was both extremely extensive and expensive. (Defense counsel’s affirmation If 26.) It is defendant’s position that as a policy decision, it is not clear that Agriculture and Markets Law § 353 can, or should, be read to require a pet owner, on pain of prosecution, to undertake such treatment for his animal. (Defense counsel’s affirmation 11 26.)
The People[4] counter that in this case, the seriousness of the offense and the harm caused by the offense is great. (People’s mem at 13.) Furthermore, the People contend, the evidence of guilt is strong, since defendant admits to knowledge of the dog’s *915 condition and admits to refusing to seek medical treatment. (Id.) The People argue that whether defendant was in the process of finding a veterinarian is a trial issue. (Id.) Finally, the People address defendant’s policy argument, arguing that no one is obligated to take on the responsibility of a pet, and that once the defendant elected to voluntarily take Sophie and keep her locked in his secured facility, he became responsible for her care, i.e., feeding her, providing her with appropriate shelter, and providing her with necessary medical treatment. (People’s mem at 14.)
Defendant’s argument that the ASPCA intervened while defendant was attempting to arrange for a veterinarian to come to his premises and examine the dog relates to the credibility of the witnesses, and is thus an argument for trial. A motion for dismissal in the interests of justice is not an opportunity for the court to judge the merits of a case before trial, but a power that should be “exercised sparingly and only in that rare and unusual case when it cries out for fundamental justice beyond the confines of conventional considerations.” (People v Premier House, 174 Misc 2d 163, 168 [Crim Ct, Kings County 1997] [internal quotation marks omitted].) The credibility of witnesses is a matter to be weighed by the trier of facts, and not grounds for dismissal in the interests of justice. (People v Belkota, 50 AD2d 118 [4th Dept 1975].)
Defendant’s remaining arguments are without merit. Defendant’s arguments that he is without fault in this matter and that the treatment of the dog was drastic and beyond his means are best reserved for trial. Nor has the defendant shown additional compelling reasons why this case should be dismissed.
Finally, we are compelled to comment as to defendant’s contentions that because Sophie is only a dog, “it is unlikely that it is appropriate to consider the dog’s attitude.” (Defense counsel’s affirmation 11 22.) By enacting Agriculture and Markets Law § 353, our Legislature has made a societal determination that animals, including dogs, should be protected from abuse or neglect. While we may be unable to inquire of Sophie as to her feelings as to defendant’s alleged failure to obtain medical treatment for Sophie’s condition, common sense provides us with the answer, at least sufficient for this motion, that “lack of care to the dog caused said dog to suffer needlessly.” (See complaint.) Given the societal determination set forth in Agriculture and Markets Law § 353, we find defendant’s contention that the feelings of Sophie should be ignored to be without merit.
*916 The incongruity of defendant’s argument is readily apparent by analogy to Penal Law § 260.10, endangering the welfare of a child, and Penal Law § 260.25, endangering the welfare of an incompetent or physically disabled person. The same argument could be made as to dismissal in the interest of justice of a complaint alleging Penal Law § 260.10 or Penal Law § 260.25, where the victim was an infant, incompetent or physically disabled person, and unable to tell the court his or her attitude towards dismissal. No court would consider the inability of the victim to speak as grounds to ignore the effects on the victim of the conduct complained of. The suffering of a dog, as well as a child, incompetent or physically disabled person is obvious to even the untrained observer.
We therefore find that defendant has failed to meet his burden that the continuation of this case would result in fundamental injustice, so as to require dismissal under CPL 170.40. Defendant’s motion to dismiss this case in the interests of justice is therefore denied.
The Statute is Not Unconstitutionally Void for Vagueness
In addressing a challenge for vagueness, courts have applied a two-part test, determining first whether the statute “give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute” (People v Bright, 71 NY2d 376, 382-383 [1988]; People v Stuart, 100 NY2d 412 [2003]); second, whether the statute provides the state with clear standards for enforcement, or whether it provides police, judge and juries with too much discretion. (Bright, supra.) In order to successfully challenge the sufficiency of a statute, the movant must overcome the strong presumption that legislative enactments are valid, and meet the heavy burden of showing that the statute is unconstitutional as applied or in all its applications. (People v Stuart, supra; Brady v State of New York, 80 NY2d 596 [1992].)
Defendant argues that if the term “sustenance” can be held to cover these facts, the statute is void for vagueness. (Defendant’s mem at 5.)[5] The People counter that, as discussed above, the provision under the statute by which defendant’s conduct is *917 criminalized is not the failure to provide sustenance, but is furthering an act of cruelty by causing or permitting unjustifiable physical pain. (People’s mem at 11.) The People further argue that based on the facts of this case
“a person of ordinary intelligence would have fair notice that when you consciously ignore the fact that you [sic] dog has inflamed ears, paws, visible and protruding ribs and hip bones, and a large, bloody, dirt and scab encrusted section of her vagina visibly protruding out of her emaciated body; that that ‘pattern of neglect could give cause to criminal liability.’ ” (People’s mem at 11, citing Walsh, supra.)
As the court noted in Arroyo, anticruelty statutes do not prohibit causing pain to animals, but only causing “unjustifiable” pain. (3 Misc 3d at 676.)[6] An act is considered justifiable “where its purpose or object is reasonable and adequate, and the pain and suffering caused is not disproportionate to the end sought to be attained.” (Id., quoting 4 Am Jur 2d, Animals § 29, at 370.) Whether the People can prove that defendant unjustifiably committed these acts is a matter best left to the trier of facts based upon the moral standards of the community. (People v Voelker, 172 Misc 2d 564 [Crim Ct, Kings County 1997]; People v Bunt, 118 Misc 2d 904, 910 [Rhinebeck Just Ct 1983]; cf. People v O’Rourke, supra [evidence supports the conclusion that the horse was not given proper medical attention to alleviate its pain].) Thus, we find that the defendant is “amply informed of the prohibited activity and the statute contains provisions to allow the question of justification to be raised and considered.” (Bunt, 118 Misc 2d at 910 [holding the statute constitutional, but not well drafted].)
Defendant cites People v Rogers (183 Misc 2d 538 [Watertown City Ct 2000]), where the court held that Agriculture and *918 Markets Law § 353, as applied to defendant’s conduct in improperly docking a puppy’s tail, which resulted in infection and death, was unconstitutionally vague. However, Rogers noted, the statute could be applied to a given set of facts and, thus, was not facially vague. Here, where defendant is being charged for his alleged neglect, rather than the unfortunate results of a common practice, we do not find Rogers instructive.
Moreover, where a defendant fails to show that a statute is vague as applied to him, a court need not consider whether the statute is facially vague in all its applications. (People v Nelson, 69 NY2d 302 [1987] [defendant lacked standing on constitutional vagueness issue because any element of vagueness in the statute had no effect on defendant]; Young v American Mini Theatres, Inc., 427 US 50, 58-59 [1976] [defendant cannot request the court to consider whether a statute may be constitutionally vague as applied to hypothetical situations].)[7]
Defendant further argues that the statute permits or encourages arbitrary enforcement based on the fact that the ASPCA determined that the dog had to be taken immediately and had to be given very expensive medical care. (Defendant’s mem at 7-8.) Defendant argues that nothing in the statute can reasonably be read to compel a pet owner to undertake any particular course of treatment with any particular timing. (Defendant’s mem at 8.) Insofar as defendant concedes that he knew about the dog’s condition for at least a week and had attempted to have a veterinarian visit the premises, but refused to take the dog to a veterinarian (see defense counsel’s affirmation at 2-3), we decline to find that the statute was arbitrarily enforced with regards to his conduct. (People v Bright, supra.) Defendant has therefore failed to meet his burden to show that the statute is constitutionally voidable for vagueness. (Lane v Johnson, 283 NY 244 [1940] [a statute will not be held void for vagueness where it is capable of reasonable construction].)
Conclusion
For the foregoing reasons, defendant’s motion to dismiss the complaint for facial insufficiency pursuant to CPL 170.30 (1) (a), 170.35 (1) (a)-(b), 100.15 and 100.40 is denied; defendant’s *919 motion to dismiss the complaint in the interest of justice pursuant to People v Clayton (supra) and CPL 170.30 is denied; and defendant’s motion alleging that Agriculture and Markets Law § 353 is unconstitutional is denied.

. The court has considered the arguments made in the memorandum of law in support of defendant’s motion to dismiss, the affirmation of Elizabeth Ease, and the reply affirmation of Elizabeth Ease.

. Defendant’s motion papers, but not the complaint, allege that defendant sought to have a veterinarian come to the premises to examine Sophie, but was unsuccessful in his attempt. (Defendant’s mem at 9.) It is undisputed that Sophie was not examined. (See defendant’s mem at 14.)

. These factors are: (a) the seriousness and circumstances of the offense; (b) the extent of harm caused by the offense; (c) the evidence of guilt, whether admissible or inadmissible at trial; (d) the history, character, and condition of the defendant; (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest, and prosecution of the defendant; (f) the purpose and effect of imposing upon the defendant a sentence authorized by the offense; (g) the impact of a dismissal on the safety or welfare of the community; (h) the impact of a dismissal upon the confidence of the public in the criminal justice system; (i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; and (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.

. Other than the contents of the complaint, signed by Humane Law Officer Koch and verified by Dr. Reisman, the People’s factual allegations are also hearsay.

. Defendant argues, citing Arroyo, that Agriculture and Markets Law § 353 cannot reasonably be construed to include an obligation that a pet owner provide medical care for the pet. (Defense counsel’s affirmation 1T12.) However, the Appellate Term has held, in a case where defendant was convicted of animal cruelty (Agriculture and Markets Law § 353) after a jury *917 trial, that a jury charge defining sustenance to include veterinary care and adequate shelter to maintain the dog’s health and comfort properly conveyed the appropriate law. (People v Mahoney, 9 Misc 3d 101 [App Term, 2d Dept 2005], lv denied 5 NY3d 854 [2005].)

. As indicated in Arroyo, courts from several states have read into their respective anticruelty statutes the duty to provide veterinary care to animals. (See e.g. People v Olary, 382 Mich 559,170 NW2d 842 [1969]; People v Sanchez, 94 Cal App 4th 622, 114 Cal Rptr 2d 437 [3d Dist 2001].) “Under those circumstances, the failure to provide medical care was just an element in a pattern of neglect constituting cruelty.” (Arroyo, 3 Misc 3d at 679.) In State v Dresbach (122 Ohio App 3d 647, 702 NE2d 513 [10th Dist 1997]), the court held that defendant, having undertaken the responsibility for a dog’s care, was required by law to make reasonable efforts to prevent the dog from suffering needlessly due to a readily curable condition.

. Thus, in view of the numerous distinctions between the two cases (see supra at 910-911), our holding is not inconsistent with Arroyo {supra), notwithstanding Arroyo’s holding the statute unconstitutionally vague, under the facts of that case.